**HENNEPIN COUNTY COURT EMPLOYEES GROUP, Petitioner, Respondent,**

v.

**PUBLIC EMPLOYMENT RELATIONS BOARD, Appellant (48205),**

**County of Hennepin, Intervenor, Appellant (48276).**

**Nos. 48205, 48276.**

Supreme Court of Minnesota.

Jan. 5, 1979.

Rehearing Denied Feb. 8, 1979.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Solr. Gen., Stephen F. Befort and Thomas S. Fraser, Sp. Asst. Attys. Gen., St. Paul, Gary W. Flakne, County Atty., Keith D. Kennedy, Asst. County Atty., Minneapolis, for appellant.

James T. Hansing, Minneapolis, for respondent.

Peter D. Bergstrom, St. Paul, for amicus.

Heard before YETKA, SCOTT and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

The Public Employment Relations Board ("PERB") and Hennepin County appeal from the judgment entered in the Hennepin County District Court declaring that court clerical employees are "essential employees," thereby reversing the bargaining unit determination of the Director, Bureau of Mediation Services ("BMS"), as affirmed by the PERB. We affirm.

On April 4, 1974, the Director of the BMS, pursuant to Minn.St. 179.71, subd. 3, designated the appropriate bargaining unit as:

"All employees of Hennepin County employed in clerical and related classifications, who are employed for more than 14 hours per week and more than 100 work days per year, excluding supervisory, confidential, and those employees covered by the Charitable Hospital Act."

Thereafter, on April 8, 1974, the Director rejected a petition of the Municipal Court Employees Group, the predecessor of respondent Hennepin County Court Employees Group ("HCCEG") for a separate bargaining unit for certain court-related employees in Hennepin County. The denial was based upon the Director's conclusion that it would be improper to establish unit lines more restricted than the countywide clerical classification. No appeal was taken from this dismissal. However, the original unit determination of April 4, 1974 was affirmed by PERB on November 20, 1974.[1]

A second petition for a more limited bargaining unit determination was filed with the BMS by HCCEG on August 6, 1975. An evidentiary hearing was conducted to consider HCCEG's assertions that the doctrines of separation of powers and inherent powers, as well as the classification of the employees as "essential employees," controlled to require the unit determination it sought. As HCCEG did not offer evidentiary support for the definitional classification, the sole evidence considered by the BMS was the testimony of Michael Cunniff, a county personnel officer, to the effect that there was sufficient supervisory, confidential, and essential employees associated with the court system to maintain necessary services. The BMS found that the unit as originally determined was appropriate and dismissed the petition on October 17, 1975.

On January 19, 1976, HCCEG again petitioned for a more restricted unit, this time to exclude clerk typists and photocopyists. The petition was again dismissed and, on appeal to PERB, this dismissal and the previous denial were consolidated for review. A hearing was conducted on March 19, 1976, at which HCCEG urged PERB to consider additional evidence or to remand the matter to the Director of BMS for that purpose. By order dated July 2, 1976, PERB affirmed the dismissal of the two petitions by HCCEG, rejecting the arguments that a separate bargaining unit was either appropriate or required as "essential employees."

1. The appeal was taken by the American Federation of State, County and Municipal Employees, which had sought a separate bargaining unit for clerical employees of the Welfare Department, approximately one-third of the total county clerical staff. PERB rejected the appeal, noting that uniform county personnel policies made a general countywide unit more conducive to orderly and consistent bargaining.

HCCEG then petitioned the district court for review, requesting recognition as an "appropriate bargaining unit," but not raising the "essential employee" question. Minn.St. 15.0424. Upon cross motions for summary judgment, the court decided the entry of judgment in favor of HCCEG on the ground that court clerical employees were "essential employees" and thus entitled to separate bargaining status. Minn.St. 179.71, subd. 3. The record before us indicates that the district court considered the transcripts of the hearings before the BMS and PERB and the exhibits and memoranda offered by the parties. Additionally, the court based its decision upon its independent knowledge of facts inconsistent with the testimony of Cunniff relating to the designation of the employees as "essential" within the meaning of Minn.St. 179.63, subd. 11, as incorporated in Minn.St. 179.71, subd. 3. PERB and Hennepin County appeal from the judgment entered herein.

While several procedural irregularities in the presentation of the issue of the administrative and district court proceedings are raised by all parties, the determinative issue before us is whether HCCEG should be permitted separate bargaining unit status as an organization of "essential employees." Minn.St. §§ 179.63, subd. 11 and 179.71, subd. 3.

■ We note at the outset that in resolving the difficult issue of the essentiality of court employees, we must draw upon both the recorded facts and arguments presented to the administrative agencies and the court's unique knowledge of and familiarity with the internal mechanisms of the court system which form the basis of our inquiry. The oft-stated standard employed in reviewing decisions of administrative agencies is that those decisions shall be sustained unless, upon independent evaluation, it is determined that they are unsupported by substantial evidence, based upon errors of law or are arbitrary and capricious. Minn.St. 15.0425 and *Reserve Mining Co. v. Herbst,* Minn., 256 N.W.2d 808 (1977).

This standard of review has its genesis in the historical deference accorded to the administrative expertise of individual state agencies, which were created to deal with particular problems falling within their province and which consequently have experience with those specialized areas that are not ordinarily duplicated within the judicial system. Such a policy of deference need not be applied, however, when the area of regulation, the internal functioning of the judicial system, is specifically within the court's particularized experience and expertise. While the standard of review is normally directed to our evaluation of the decision of the administrative agency, it is our view that the district court correctly reviewed the record in conjunction with his independent knowledge of the interdependence of the functions of court-related employees and the satisfaction of constitutional and legislative mandates governing the judicial function as a whole.

■ The statutory definition of "essential employees," deemed applicable by the district court, is contained in Minn.St. 179.63, subd. 11, which provides:

"* * * [A]ny person * * * whose employment duties involve work or services essential to the health or safety of the public and the withholding of such services would create a clear and present danger to the health or safety of the public."[2]

An integral phrase of this definition is that the withholding of the services performed by the employee would create a "clear and present danger to the health and safety of the public." It suggests the application of a stringent standard, the proof of serious and imminent harm.[3] Administrative interpretation of the statute has thus

---

2. There are two important consequences of this designation: Essential employees must be separated from non-essential employees in bargaining unit determinations, Minn.St. 179.71, subd. 3, and essential employees and their employers must submit to binding arbitration in lieu of exercising the right to strike. Minn.St. 179.64, subd. 7, and 179.72, subd. 10.

3. *Schenck v. United States,* 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470 (1919).

far limited essential employee designation generally to police department, fire department, and hospital employees.[4] Court employees perform services essential to public health and safety, though in less obvious ways. Current rules of criminal procedure and constitutional requirements mandate prompt processing of criminal matters. Civil matters, such as those requiring writs or injunctive relief, likewise demand immediate attention. Without support staff, judges and supervisory personnel cannot meet these demands on an ongoing basis. Court employees are indispensable to the prompt and orderly functioning of the judicial system. We hold them to be "essential employees" under Minn.St. 179.63, subd. 11.

We are not unmindful of the comprehensive procedures developed by the BMS and PERB to facilitate consistent and beneficial relationships between employees and their employers. Nor do we, by this decision, ignore the current trend against the proliferation of bargaining units based upon narrow or fictional distinctions. However, our daily and substantial reliance upon court-related support personnel requires the limited decision reached herein.

Inasmuch as this decision is based upon the determination that the employees are "essential," we do not reach the issue raised concerning the appropriateness of the unit as determined. Minn.St. 179.71, subd. 3, requires separate bargaining unit determinations for essential and non-essential employees.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.

**4.** Minnesota Teamsters Public and Law Enforcement Employees Union, Local N. 320 and City of Hopkins, BMS Case No. 76–PR–322–A (February 4, 1976); But See, Dakota County Attorney Employees' Association and County of Dakota, PERB Case No. 75–PR–452–A (October 23, 1975).