**COUNTY OF McLEOD, Relator,**

v.

**LAW ENFORCEMENT LABOR SERVICES, INC.,**
**Respondent.**

No. CO–92–1848.

Court of Appeals of Minnesota.

May 4, 1993.

Michael K. Junge, McLeod County Atty., Glencoe, for relator.

Marylee A. Abrams, Bloomington, for respondent.

Considered and decided by RANDALL, P.J., and HUSPENI and PETERSON, JJ.

## OPINION

PETERSON, Judge.

The County of McLeod appeals by writ of certiorari from a decision of the Commissioner of the Bureau of Mediation Services (Commissioner) that an Investigative Sergeant and a Patrol Sergeant are not supervisory employees within the meaning of Minn.Stat. § 179A.03, subd. 17 (1990). We affirm.

## FACTS

Between January and May 1992, the McLeod County Sheriff's Department created the positions of Investigative Sergeant and Patrol Sergeant.[1]

Respondent Law Enforcement Labor Services (LELS) represents two groups of sheriff's department employees. One unit includes essential employees, the other includes employees other than essential employees. Both units exclude supervisory and confidential employees. When the new positions were created, LELS filed a petition with the Bureau of Mediation Services to determine whether the new positions were "supervisory" positions excluded from the units.

The Commissioner concluded the Patrol Sergeant and the Investigative Sergeant were essential employees and, therefore, to be considered supervisory employees, they must be delegated authority to undertake a majority of the ten supervisory functions listed in Minn.Stat. § 179A.03, subd. 17 (1990).

The Commissioner determined the employees had authority to undertake five of the ten supervisory functions: the authority to assign, direct, discipline, and reward employees and to adjust employee grievances. The employees did not have authority to hire, promote, discharge, or suspend employees. The tenth statutory function, the power to transfer, was not applicable to these positions.

1. The position of Communications & Records Sergeant was also created during this period. The Commissioner determined the Communica- tions & Records Sergeant was a nonessential supervisory employee. This determination has not been challenged.

The Commissioner concluded that the Patrol Sergeant and Investigative Sergeant were not supervisory employees because they had authority to undertake only five of the ten supervisory functions listed in Minn.Stat. § 179A.03, subd. 17 and five is not a majority of ten. The County of McLeod was granted a writ of certiorari.

## ISSUES

1. Did the Commissioner of the Bureau of Mediation Services err by determining that an essential employee does not have authority to undertake a supervisory function if the employee does not currently have the ability to exercise that authority?

2. Did the Commissioner of the Bureau of Mediation Services err by determining that to be a supervisory employee, an employee must have authority to undertake a majority of all supervisory functions listed in Minn.Stat. § 179A.03, subd. 17 (1990), rather than just a majority of the functions deemed applicable?

## ANALYSIS

 Upon review, the decisions of administrative agencies shall be sustained unless, upon independent evaluation of the recorded facts and arguments presented to the agency, it is determined that the decisions "are unsupported by substantial evidence, based upon errors of law, or are arbitrary and capricious." *Hennepin County Court Employees Group v. Public Employment Relations Bd.*, 274 N.W.2d 492, 494 (Minn.1979).

### I.

 Minn.Stat. § 179A.03, subd. 17 (1990) defines supervisory employee as:

a person who *has the authority to undertake a majority of the following supervisory functions* in the interests of the employer: hiring, transfer, suspension, promotion, discharge, assignment, reward, or discipline of other employees, direction of the work of other employees, or adjustment of other employees' grievances on behalf of the employer. To be included as a supervisory function which

the person has authority to undertake, the exercise of the authority by the person may not be merely routine or clerical in nature but must require the use of independent judgment. An employee, *other than an essential employee*, who has authority to effectively recommend a supervisory function, is deemed to have authority to undertake that supervisory function for the purposes of this subdivision.

(Emphasis added.)

McLeod County argues the Commissioner erred as a matter of law by determining that the sergeants do not have the supervisory power to suspend other employees. The county maintains that while the sergeants have not yet exercised their power to suspend, they do have this power.

The McLeod County Sheriff testified that because the Investigative and Patrol Sergeants were new to their positions, they did not yet have the power to suspend other employees. He further testified that, after the sergeants gained additional on-the-job experience, they would have the power to suspend. He estimated the sergeants would have sufficient experience in approximately one year.

The county contends "the critical inquiry is whether the position entails this power to suspend, not whether the power has in fact been exercised." While we agree that an employee may have authority to undertake a supervisory function without actually exercising that authority, an employee who has no current ability to perform a supervisory function does not have authority to undertake that supervisory function.

An employee "who has authority to effectively recommend a supervisory function" is deemed to have authority to undertake that supervisory function only if the employee is not an essential employee. Minn.Stat. § 179A.03, subd. 17. In the case of an essential employee, the statute defines supervisory employee as one "who has the authority" to undertake supervisory functions. *Id.* This definition does not include those who will acquire authority to perform a supervisory function in the fu-

ture. While the sheriff testified the sergeants have the power to effectively recommend suspension, this is not sufficient authority for essential employees. *See id.* Essential employees must have current authority to undertake the function.

## II.

 The county argues that because the power to transfer was inapplicable in this case, the Commissioner erred by requiring the employees to have authority to undertake six supervisory functions to be considered supervisory employees. The county maintains that the inapplicable function should be disregarded in determining whether the employee has authority to undertake a majority of the supervisory functions. If the power to transfer is disregarded, the employees have authority to undertake a majority of the nine applicable supervisory functions and they are supervisory employees. We find this argument unpersuasive.

Minn.Stat. § 179A.03, subd. 17 requires a supervisory employee to have authority to undertake a "majority of the following supervisory functions," not a majority of the following applicable supervisory functions. The legislature did not limit the analysis of a position under Minn.Stat. § 179A.03, subd. 17 to applicable supervisory functions. "Where the words of a statute are clear and free from ambiguity, we have no right to construe or interpret the statute's language." *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn. 1986); *see also* Minn.Stat. § 645.16 (1990) (when statute's words are clear and free from ambiguity, letter of law shall not be disregarded). "Our duty in such a case is to give effect to the statute's plain meaning." *Tuma*, 386 N.W.2d at 706. The Commissioner's determination that, to be a supervisory employee, an essential employee must have authority to undertake a majority of all ten supervisory functions listed in the statute is affirmed.

## DECISION

The Commissioner correctly evaluated the sergeants' authority and concluded they are not supervisory employees because they do not have current authority to undertake a majority of the ten supervisory powers listed in Minn.Stat. § 179A.03, subd. 17.

Affirmed.