INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, MINNEAPOLIS, MINNESOTA, Respondent,

v.

CITY OF PLYMOUTH, Respondent (C3–93–1773), Relator (C1–93–1786),

American Federation of State, County and Municipal Employees, Council No. 14, Relator (C3–93–1773), Respondent (C1–93–1786).

Nos. C3–93–1773, C1–93–1786.

Court of Appeals of Minnesota.

March 22, 1994.

Roger A. Peterson, Scott A. Higbee, Peterson, Engberg, & Peterson, Minneapolis, for Intern. Ass'n of Firefighters, Minneapolis, Minnesota.

Frank Vogl, David H. Johnson, Best & Flanagan, Minneapolis, for City of Plymouth.

Karin Peterson, Gregg M. Corwin, Gregg M. Corwin & Associates, St. Louis Park, for American Federation of State, County and Municipal Employees, Council No. 14.

Considered and decided by KALITOWSKI, P.J., and PETERSON and HARTEN, JJ.

## OPINION

PETERSON, Judge.

The City of Plymouth and the American Federation of State, County, and Municipal Employees, Council No. 14 (AFSCME) argue the Commissioner of the Bureau of Mediation Services improperly considered the International Association of Firefighters' (IAFF) petition for certification as the exclusive representative of two fire inspectors within one year of AFSCME's certification as the exclusive representative of those employees. We agree and reverse.

## FACTS

In April 1992, AFSCME began proceedings to represent a group of the City of Plymouth's employees by petitioning the Commissioner of the Bureau of Mediation Services for determination of the appropriate unit and certification as the unit's exclusive representative. Plymouth and AFSCME stipulated to the description of the appropriate unit and to the list of employees within the unit. The city's two fire inspectors were included in the described unit. In June 1992, the Bureau held a hearing to determine the appropriate unit. At the hearing, the two fire inspectors testified that they believed they were essential employees who should not be included in the proposed unit.

After the hearing, the Commissioner determined that the proposed unit description and the list of employees included within the unit were appropriate and ordered that an election be held. The first election resulted in a tied vote. AFSCME was selected as the unit's exclusive representative in a second election. The two fire inspectors voted in both elections. On September 9, 1992, the Commissioner certified AFSCME as the exclusive representative of the employees included within the described unit. No appeal or challenge to the unit's appropriateness or AFSCME's certification as the unit's exclusive representative has ever been filed.

On September 1, 1992, the International Association of Firefighters (IAFF) petitioned the Commissioner for determination of an appropriate unit and certification as that unit's exclusive representative. IAFF's petition described the appropriate unit as all essential employees of the fire department and listed the fire inspectors as the only two employees in this unit. IAFF left blank the line on the petition form asking for the names of other employee organizations having an interest in or claiming to represent any of the employees affected by its petition although it knew that AFSCME had won the unit election and soon would be certified as the fire inspectors' exclusive representative.

In October 1992, IAFF served its petition on Plymouth and the city moved to dismiss it as untimely since AFSCME had recently been certified as the fire inspectors' exclusive representative. The Commissioner found that IAFF's petition was not untimely because it sought to represent a different unit than AFSCME represented and the Bureau was duty bound to investigate when an allegation was made that a unit contained essential and nonessential employees. The Commissioner scheduled a hearing to determine whether the inspectors were essential employees. At this hearing, the city's personnel director testified that the city had been bargaining with AFSCME since September 1992 and that their negotiations had included proposals for the fire inspectors.

The Commissioner reaffirmed the earlier decision that IAFF's petition was timely and found that the fire inspectors were essential employees. The Commissioner severed the inspectors from the AFSCME unit, placed them in a separate unit containing only those two employees, and ordered an election to decide the issue of their representation. The Commissioner later held that the city's motion for reconsideration was untimely because it was not filed within ten days of the order. The Commissioner denied AFSCME's motion for reconsideration on grounds that it did not raise any errors of fact or law.

## ISSUE

Did the Commissioner err in considering IAFF's petition for determination of an

appropriate unit and certification as the unit's exclusive representative when AFSCME had been certified as the exclusive representative of the employees in that unit for less than one year?

## ANALYSIS

■ When reviewing an agency decision, we must uphold the decision unless it is unsupported by substantial evidence, based upon errors of law, or arbitrary and capricious. *Hennepin County Court Employees Group v. Public Employment Relations Bd.*, 274 N.W.2d 492, 494 (Minn.1979). We are not bound by agency determinations concerning questions of law such as statutory interpretation. *St. Otto's Home v. Department of Human Servs.*, 437 N.W.2d 35, 39–40 (Minn. 1989); *Arvig Tel. Co. v. Northwestern Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn.1978).

■ The object of statutory interpretation is to determine and give effect to the legislature's intent. Minn.Stat. § 645.16 (1992). When a statute's words are clear and unambiguous, we must give effect to the statute's plain meaning. *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn. 1986).

■ The Public Employment Labor Relations Act (PELRA) allows an employee organization to petition the Commissioner of the Bureau of Mediation Services for a certification election provided that 30% of a proposed appropriate unit's employees want to be represented by the organization. Minn.Stat. § 179A.12, subd. 3 (1992). Upon receipt of an employee organization's petition, the Commissioner shall hold a hearing to determine the appropriate unit. *Id.*, subd. 5 (1992). Once the appropriate unit has been determined, the unit members choose the unit's exclusive representative in an election. *Id.*, subd. 7 (1992).

> Upon a representative candidate receiving a majority of those votes cast in an appropriate unit, the commissioner shall certify that candidate as the exclusive representative of *all employees* in the unit.

*Id.*, subd. 10 (1992) (emphasis added).

Here, AFSCME won the unit election and was certified as the unit's exclusive representative. Under Minn.Stat. § 179A.12, subd. 10, when the Commissioner certified AFSCME as the unit's exclusive representative, AFSCME became the exclusive representative of *all* employees in the unit, including the fire inspectors.

> When the commissioner certifies an exclusive representative, the commissioner shall not consider the question again for a period of one year, unless the exclusive representative is decertified by a court of competent jurisdiction, or by the commissioner.

Minn.Stat. § 179A.12, subd. 12 (1992).

Within one month after AFSCME's certification as the fire inspectors' exclusive representative, IAFF sought consideration of its petition for certification as the fire inspectors' exclusive representative. IAFF's petition essentially asked the Commissioner to change the definition of the unit for which AFSCME was certified as the exclusive representative by excluding two positions, determine that these two positions together constituted an appropriate unit, and hold a certification election. Under the Commissioner's ruling, although AFSCME remained the exclusive representative of most of the employees in the original unit, IAFF could become the exclusive representative of the new unit.

Minn.Stat. § 179A.12, subd. 12 prohibits the Commissioner from considering certification of an exclusive representative of any of the employees in the original unit, including the fire inspectors, for one year after AFSCME was certified as the unit's exclusive representative. Since IAFF's petition asked the Commissioner to consider certification of an exclusive representative of two of the members of the AFSCME unit within one year after AFSCME's certification as the exclusive representative of those employees, the Commissioner violated Minn.Stat. § 179A.12, subd. 12 by considering the petition.

PELRA exhibits legislative recognition of the practical reality that labor negotiations cannot occur until the parties to the negotiations are identified. If the identities of the parties cannot remain fixed for a period long enough to allow meaningful negotiations to

occur, the purpose of the act would be thwarted. *See* Minn.Stat. § 179A.01 (1992) (PELRA's purpose is "to promote orderly and constructive relationships between all public employers and their employees"). The one-year bar to reconsideration of a certification decision permits the identities of the parties to remain fixed for a period during which negotiations can occur.

IAFF claims that consideration of its petition did not violate Minn.Stat. § 179A.12, subd. 12 because the fire inspectors were essential employees and their inclusion in the AFSCME unit was a mistake that the Commissioner must have the power to correct. *See* Minn.Stat. § 179A.09, subd. 2 (1992) (nonessential employees cannot be in same bargaining unit as essential employees). IAFF agrees, however, that if the Commissioner had decided during the AFSCME certification process that the fire inspectors were nonessential employees, then it could not challenge that decision now.

In the AFSCME unit determination process, the fire inspectors testified that they believed that they were essential employees. After hearing this testimony, the Commissioner specifically found that the parties' stipulations with respect to the description of the appropriate unit and the list of employees included in the unit were appropriate. While the Commissioner did not separately find that the fire inspectors were nonessential employees, the Commissioner's finding that the stipulations were appropriate can only be interpreted as a determination that the fire inspectors properly were included in the unit because they were nonessential employees.

Moreover, giving the Commissioner the power to reopen a certification decision whenever someone alleges that a mistake was made would defeat PELRA's purpose by creating uncertainty in the relationship between public employers and employees. *See* Minn.Stat. § 179A.01 (PELRA's purpose is to promote orderly relations between public employers and employees). Consequently, although the Commissioner may have concluded that the unit determination in this case was incorrect, the certification of AFSCME as the exclusive representative of the fire inspectors barred the Commissioner for one year from considering who should be the fire inspectors' exclusive representative.

Plymouth also argues that the Commissioner erred in finding its reconsideration motion untimely. Even if the city's motion was untimely, AFSCME's motion for reconsideration was timely filed and raised the same arguments as the city's motion. There is no dispute that AFSCME properly preserved the issues for this consolidated appeal and we need not decide whether the city's reconsideration motion was untimely or whether the timeliness of the motion affected the validity of the appeal or the scope of our review.

## DECISION

After AFSCME had been certified as the exclusive representative of the fire inspectors, Minn.Stat. § 179A.12, subd. 12 barred the Commissioner of the Bureau of Mediation Services from considering certification of an exclusive representative of those employees for one year absent decertification of AFSCME as their exclusive representative. Since IAFF's petition for certification as the exclusive representative of the fire inspectors was brought within one year of AFSCME's certification as the exclusive representative of those employees, the Commissioner erred in considering the petition.

**Reversed.**