**INDEPENDENT SCHOOL DISTRICT NO. 721, NEW PRAGUE, Minnesota, Relator,**

v.

**SCHOOL SERVICES EMPLOYEES, LOCAL 284, RICHFIELD, Minnesota, Respondent.**

No. C2–85–1556.

Court of Appeals of Minnesota.

Jan. 14, 1986.

Review Denied Mar. 14, 1986.

Paul Hetland, Knutson, Flynn & Hetland, St. Paul, for relator.

Lawrence P. Zielke, Orlins & Brainerd, Richfield, for respondent.

Andrea Mitau Kircher, Sp. Asst. Atty. Gen., St. Paul, for Public Employment Relations Bd.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and HUSPENI, JJ.

### OPINION

WOZNIAK, Judge.

### FACTS

Petitioner employs 12 cooks who do the same work under the same conditions. Six cooks work 35 hours per week and six work 10 hours per week. The director of the Bureau of Mediation Services (BMS) determined that the latter six employees could not be included in the bargaining unit for purposes of collective bargaining. That decision was appealed to the Minnesota Public Employment Relations Board (PERB). PERB reversed the bargaining unit determination of BMS and petitioner seeks review of PERB's decision.

## ISSUE

How is the "normal work week" for purposes of the Minnesota Public Employment Labor Relations Act to be calculated?

## ANALYSIS

The dispute between the parties focuses on Minn.Stat. § 179A.03, subd. 14(e) (1984), which provides:

"Public employee" or "employee" means any person appointed or employed by a public employer except:

\* \* \* \* \* \*

(e) part-time employees whose service does not exceed the lesser of 14 hours per week or 35 percent of the normal work week in the employee's appropriate unit.

Because the Act covers only "employees," part time workers who work less than the minimum number of hours are not covered by the Act for purposes of collective bargaining. The essential issue here is how to calculate the "normal work week."

BMS calculated the "normal work week" by looking at the normal, predominant work week of the full time employees of the bargaining unit. In this case, that would mean that the "normal work week" is 35 hours. Thirty-five percent of 35 hours is 12.5 hours. Thus, the six cooks who worked ten hours per week were excluded from the bargaining unit.

PERB calculated the "normal work week" by averaging the actual hours worked by all employees doing bargaining-unit work in the particular unit. In this case, that would mean that the "normal work week" is 22½ hours. Thirty-five percent of 22½ hours is 7.88 hours. Thus, the six cooks who worked ten hours per week were included in the bargaining unit by PERB.

We hold that the "normal work week" is to be calculated by reference to the normal, predominant work week of the full time employees of the bargaining unit, as BMS did in this case.

In fashioning PELRA, the Minnesota legislature clearly meant to exclude some part time employees from coverage under the Act. The legislature was concerned with maintaining the integrity of bargaining units by excluding part time workers who tend to have little in common with full time workers. The existence of conflicting interests among workers can undermine the ability of a unit to bargain effectively.

The prior statute only excluded those part time employees whose services did not exceed fourteen hours per week. In 1974, the legislature added the 35% language in recognition of the fact that in some areas full time employees worked less than 40 hours per week. The amendment was designed to maintain the same 35% ratio to whatever was the full time work week.

## DECISION

We reverse the decision of the Minnesota Public Employment Relations Board.