**MINNESOTA TEAMSTERS PUBLIC & LAW ENFORCEMENT EMPLOYEE'S UNION, LOCAL NO. 320, MINNEAPOLIS, Minnesota, Respondent,**

v.

**COUNTY OF McLEOD, Glencoe, Minnesota, Relator.**

No. C4–93–1068.

Court of Appeals of Minnesota.

Dec. 14, 1993.

John W. Quarnstrom, St. Paul, for respondent.

Michael Junge, McLeod County Atty., Eric J. Larson, Asst. County Atty., Glencoe, for relator.

Considered and decided by RANDALL, P.J., and KALITOWSKI and DAVIES, JJ.

## OPINION

RANDALL, Judge.

The Bureau of Mediation Services (BMS) concluded that Cindy Schultz, an employee of the McLeod County Highway Department, could be in the bargaining unit represented by respondent Minnesota Teamsters Public & Law Enforcement Employee's Union, Local No. 320 (union). By writ of certiorari, relator County of McLeod (county) challenges the BMS decision. The county argues that the BMS erred as a matter of law by concluding Schultz should be a member of the bargaining unit represented by the union. We agree and reverse.

## FACTS

In early 1993, the union sought to include Cindy Schultz, a McLeod County highway accountant, in its bargaining unit. This unit excluded supervisory employees. The county requested a hearing.

The hearing officer found that McLeod County Highway Department had 27 employees. Thirteen of the employees, including eleven highway maintenance workers and two lead highway maintenance workers, were physically housed in five shops outside Glencoe. The Glencoe shop housed fourteen employees, including one highway engineer, one assistant engineer, two engineering supervisors, one highway maintenance supervisor, one highway accountant, one equipment maintenance supervisor, three highway maintenance workers, one lead highway maintenance worker, one secretary, one bookkeeper, and one engineering aide. The engineering supervisors, the highway engineer, the assistant engineer, the highway maintenance supervisor, and the equipment maintenance supervisor were classified as supervisory and thus properly excluded from the bargaining unit represented by the union.

The BMS Commissioner incorporated the hearing officer's findings and found that Schultz met the definition of a supervisor. See Minn.Stat. § 179A.03, subd. 17 (1992) (listing supervisory functions). Specifically, the Commissioner found that the county delegated the majority of supervisory functions over the courthouse unit's bookkeeper to Schultz. Nonetheless, the Commissioner concluded that Schultz was not a supervisory employee because she did not show that she was "operationally necessary."

By writ of certiorari, the county challenges the Commissioner's determination that Schultz was part of the bargaining unit represented by the union.

## ISSUE

Did the Commissioner err by concluding that Schultz is included in the bargaining

unit represented by respondent Minnesota Teamsters Public & Law Enforcement Employees Union?

## ANALYSIS

■■■ This court will affirm the BMS Commissioner's decision unless, upon independent evaluation, the decision is shown to be unsupported by substantial evidence, based upon errors of law, or arbitrary and capricious. *Hennepin County Court Employees Group v. Public Employment Relations Bd.,* 274 N.W.2d 492, 494 (Minn.1979). When reviewing questions of law, this court is not bound by the agency's decision and need not defer to the agency's expertise. *State by McClure v. Sports & Health Club, Inc.,* 370 N.W.2d 844, 854 n. 17 (Minn.1985). Statutory construction is a question of law, subject to de novo review. *In re Copeland,* 455 N.W.2d 503, 506 (Minn.App.1990), *pet. for rev. denied* (Minn. July 13, 1990).

By statute the BMS "commissioner *shall* determine appropriate units, under the criteria of section 179A.09." Minn.Stat. § 179A.04, subd. 2 (1992) (emphasis added). When making unit determinations, the Commissioner must examine specific factors:

> In determining the appropriate unit, the commissioner shall consider the principles and the coverage of uniform comprehensive position classification and compensation plans for the employees, professions and skilled crafts, and other occupational classifications, relevant administrative and supervisory levels of authority, geographical location, history, extent of organization, the recommendation of the parties, and other relevant factors. The commissioner shall place particular importance upon the history and extent of organization, and the desires of the petitioning employee representatives.

Minn.Stat. § 179A.09, subd. 1 (1992).

■■■ The county argues that the Commissioner exceeded his authority by determining

that Schultz, although a supervisory employee, could be a member of the union's bargaining unit. We agree.

It is a fundamental tenet of administrative law that the powers of an administrative agency can only be exercised in the manner prescribed by its legislative authorization. Neither agencies nor courts may under the guise of statutory interpretation enlarge agency's powers beyond that which was contemplated by the legislative body.

*Waller v. Powers Dep't Store,* 343 N.W.2d 655, 657 (Minn.1984) (citations omitted).

The hearing officer examined the criteria for a supervisory employee found in Minn. Stat. § 179A.03, subd. 17 (1992).[1] The officer determined that Schultz met the criteria for a supervisor but then concluded Schultz was not a supervisory employee because there was no "operational need" for such a high number of supervisors. Operational need is not a factor for determining a supervisory employee as listed in section 179A.03, subdivision 17. Further, operational need is not one of the criteria enumerated in section 179A.09. Thus the Commissioner lacked the statutory authority to independently determine the county "had too many supervisors." Under these circumstances, the Commissioner exceeded his delegated authority.

In *McClure,* an administrative hearing examiner refused to certify a class under the Human Rights Act, concluding that certification would be unduly burdensome and unfair. *McClure,* 370 N.W.2d at 854. On review, the court noted that the applicable rules provided specific elements to certify a class action. *Id.* The rules did not include "fairness" or "undue burden" as factors. The supreme court held that by considering fairness and undue burden as additional factors, the agen-

---

1. Minn.Stat. § 179A.03, subd. 17 defines supervisory employee as

a person who has the authority to undertake a majority of the following supervisory functions in the interests of the employer: hiring, transfer, suspension, promotion, discharge, assignment, reward, or discipline of other employees, direction of the work of other employees, or

adjustment of other employees' grievances on behalf of the employer. To be included as a supervisory function which the person has authority to undertake, the exercise of the authority by the person may not be merely routine or clerical in nature but must require the use of independent judgment.

cy acted beyond the scope of its delegated authority. *Id.*

Similarly, the Commissioner here employed an additional criterion—that of "operational need"—which is not listed in either section 179A.03, subdivision 17, or section 179A.09. Accordingly, the Commissioner exceeded his delegated authority by finding that Schultz met the criteria for a supervisor, but could, nonetheless, be included in the union's bargaining unit.

We note this case does not involve a situation where the employee's classification as a supervisor is nominal or fictional. There was no finding that Schultz's classification as a supervisor was a sham, nor is that an issue on appeal. The Commissioner found Schultz was a supervisor. The Commissioner simply went on to conclude the county did not need so many supervisors. Without more in the record on what McLeod County's "quota" of supervisors should be, it is not the judiciary's role to run McLeod County.

### DECISION

The Commissioner exceeded his delegated authority by concluding that Schultz was a member of the bargaining unit represented by the union.

**Reversed.**