**AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, COUNCIL NO. 14, Respondent,**

v.

**COUNTY OF SCOTT, Relator.**

No. CX–94–2185.

Court of Appeals of Minnesota.

April 18, 1995.

Review Denied May 16, 1995 and June 14, 1995.

---

Gregg M. Corwin, Karin E. Peterson, Gregg M. Corwin & Associates, St. Louis Park, for respondent.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, David A. Singer, Frank J. Madden, Pamela R. Galanter, Frank Madden & Associates, Plymouth, for relator.

Considered and decided by PETERSON, P.J., SHORT and MINENKO,* JJ.

## OPINION

PETERSON, Judge.

By writ of certiorari, relator County of Scott appeals from a Bureau of Mediation Services unit clarification order that determined certain county employees are not confidential employees under Minn.Stat. § 179A.03, subd. 4 (Supp.1993) and are included in a bargaining unit represented by respondent American Federation of State, County and Municipal Employees, Council No. 14.

## FACTS

Scott County has approximately 560 employees. Eleven of these employees work in the Information Systems and Services Department (ISS). Two of the ISS employees are supervisory employees. The nine remaining ISS employees historically have been considered to be confidential employees and have not been included in any employee bargaining unit.

The American Federation of State, County and Municipal Employees, Council No. 14 (AFSCME) is the exclusive representative for a unit of Scott County courthouse employees. AFSCME filed a petition with the

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Bureau of Mediation Services (BMS) requesting clarification whether the nine nonsupervisory ISS employees are confidential employees who should be excluded from the bargaining unit represented by AFSCME.

Following a hearing, the BMS found that ISS is responsible for the county's computer operation, including security for the computer systems and the data produced and stored in the systems. The computer operation is a centralized, secured operation, located in the basement of the county courthouse.

Because of high turnover rates among ISS employees, the county instituted job rotation and cross-training programs to avoid computer operating problems caused by employee absences. The job rotation and cross-training programs are not rigidly structured. ISS employees are not moved from one department to another in a predetermined sequence.

ISS staff are assigned to a primary responsibility based on current operational needs, new program development, cross-training needs, and the need to fill in for absent employees. Two ISS employees have labor relations functions as their primary responsibility. An employee's primary responsibility might not require a majority of the employee's work time.

The BMS specifically found that ISS employees "have a County directed and approved access to computer data used in collective bargaining." In addition, the BMS found that ISS employees "have the skill and knowledge to access computer data independent of County control or approval." The data to which ISS employees have access consists primarily of raw data. ISS employees, the BMS found, "do not prepare or see County contract proposals or bargaining strategies, but have authorized access to data which is refined for the purpose of negotiations."

The BMS concluded that the nonsupervisory ISS employees are not confidential employees and are included in the bargaining unit represented by AFSCME.

## ISSUES

1. Did the BMS correctly determine that the nonsupervisory ISS employees are not confidential employees pursuant to Minn. Stat. § 179A.03, subd. 4 (Supp.1993)?

2. Should relator's appeal be dismissed because the appendix of relator's reply brief contained a document that was not submitted to the BMS?

## ANALYSIS

1. Upon review, an administrative agency decision will be sustained unless it appears that the decision violates a constitutional provision, exceeds statutory authority or jurisdiction, is made on unlawful procedure, is based on an error of law, is unsupported by substantial evidence, or is arbitrary and capricious. *Markwardt v. State Water Resources Bd.*, 254 N.W.2d 371, 374 (Minn.1977).

The construction of a statute is a question of law fully reviewable by an appellate court. *Hibbing Educ. Ass'n. v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). A reviewing court is not bound by an agency's interpretation of a statute. *Arvig Tel. Co. v. Northwestern Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn.1978). But an agency interpretation is entitled to some deference when "(1) the statutory language is technical in nature, and (2) the agency's interpretation is one of long standing application." *Id.* Statutory terms "generally should be construed according to their plain and ordinary meaning." *Nadeau v. Austin Mut. Ins. Co.*, 350 N.W.2d 368, 373 (Minn.1984).

Relator challenges the BMS determination that the nonsupervisory ISS employees are not confidential employees under Minn.Stat. § 179A.03, subd. 4 (Supp.1993).

Because this is the first time Minnesota appellate courts have interpreted "confidential employee" under Minn.Stat. § 179A.03, subd. 4, AFSCME argues that we should narrowly construe the term as the federal courts have done under the National Labor Relations Act (NLRA) 29 U.S.C. §§ 141–187 (1988 & Supp. V 1993).

The Minnesota Supreme Court has stated:

While care must be exercised in using decisions of the National Labor Relations Board as authority in construing our act, for the reason that there are differences in the two acts, the rationale of decisions under the federal act is applicable to cases arising under our act insofar as the provisions of the two acts are similar or the objects or purposes to be attained are the same.

*Nemo v. Local Joint Executive Bd.*, 227 Minn. 263, 270, 35 N.W.2d 337, 342 (1948).

■ *Nemo*, however, involved a private employer and the act the supreme court referred to as "our act" was the Minnesota Labor Relations Act, Minn.Stat. §§ 179.01–.17. *Nemo*, 227 Minn. at 264, 268, 35 N.W.2d at 338, 340. Here, the Minnesota Public Employment Labor Relations Act (PELRA), Minn.Stat. §§ 179A.01–25, is at issue. With regard to applying decisions interpreting the NLRA to issues arising under the PELRA, the supreme court has stated:

We are, of course, not bound by these decisions. The NLRA governs private sector employment while the PELRA governs public sector employment. The legislature in enacting the PELRA recognized that "[t]he relationships between the public, the public employees, and their employer governing bodies imply degrees of responsibility to the people served, need of cooperation and employment protection which are different from employment in the private sector." The legislature therefore declared that "unique approaches to negotiations and resolutions of disputes between public employees and employers are necessary." Hence, we are compelled to fashion rules which recognize the special problems which exist in the public sector.

*International Union of Operating Engineers, Local No. 49 v. City of Minneapolis*, 305 Minn. 364, 369–70, 233 N.W.2d 748, 752 (1975) (quoting Minn.Stat. § 179.61 (repealed 1984) (corresponds to Minn.Stat. § 179A.01 (1992))). We are not bound by the federal decisions cited by respondent and, for two reasons, we decline to follow them.

First, the consequences of being classified as a confidential employee differ under the NLRA and the PELRA. Under the NLRA, a confidential employee loses the right to bargain collectively. *See Union Oil Co., v. NLRB*, 607 F.2d 852, 853 (9th Cir.1979) (NLRB has long recognized that confidential employees should be excluded from bargaining units under NLRA). "[B]ecause expansive application of the exclusionary rule [for confidential employees] would deprive many employees of the right to bargain collectively", confidential employee has been "narrowly construed" under the NLRA. *Id.*

In contrast, the PELRA permits confidential employees to bargain collectively. *See* Minn.Stat. § 179A.06, subd. 2 (1992) (stating that, except for confidential employees of state and University of Minnesota, "[o]ther confidential employees * * * may form their own organizations"). Confidential employees may not be in the same bargaining unit as non-confidential employees, but they may bargain collectively. *See* Minn.Stat. § 179A.09, subd. 2 (1992) ("The commissioner shall not designate an appropriate unit which includes essential employees with other employees."); Minn.Stat. § 179A.03, subd. 7 (1992) (defining essential employee to include confidential employee).

Second, unlike the PELRA, the NLRA does not define "confidential employee." *See* 29 U.S.C. § 152(3) (1988). Rather, the cases interpreting the NLRA have identified two categories of confidential employees to be excluded from bargaining units. *See B.F. Goodrich Co.*, 115 N.L.R.B. 722, 724 (1956) (defining confidential employees as those who "assist and act in a confidential capacity to persons who formulate, determine, and effectuate management policies in the field of labor relations"); *see also Pullman Standard Div. of Pullman, Inc.*, 214 N.L.R.B. 762, 762–63 (1974) (defining confidential employees as those "who, in the course of their duties, regularly have access to confidential information"). In contrast, Minn.Stat. § 179A.03, subd. 4 specifically defines "confidential employee." *See County of Scott v. Public Employment Relations Bd.*, 461 N.W.2d 503, 505 (Minn.App.1990) ("The [Public Employment Relations] Board should not be required to look to federal court interpretations of a general statute when the Minnesota statute gives specific criteria for

its decision."), *pet. for rev. denied* (Minn. Dec. 20, 1990).

Minn.Stat. § 179A.03, subd. 4 provides:

"Confidential employee" means any employee who:

(1) has access to information subject to use by the public employer in meeting and negotiating: or

(2) actively participates in the meeting and negotiating on behalf of the public employer.

Although the BMS specifically found that ISS employees have access to computer data used in collective bargaining, it concluded that the employees are not confidential employees because "[t]hey do not have a regular and ongoing access to data or strategies used by the County in negotiations." The BMS explained that it would not find the data access available to the ISS employees a basis for determining that the employees are confidential employees because

[u]ltimately the employer is responsible for maintaining data used in negotiations in a secure manner. Employees who, because of skill and knowledge, can access such information independently, but whose job does not require its use, are the responsibility of the employer to control.

The narrow interpretation the BMS gave to the term "confidential employee" does not reflect the broad language of section 179A.03, subd. 4. Under Minn.Stat. § 179A.03, subd. 4, an employee who has "access" to information, not "regular and ongoing access" is a confidential employee. Also, nothing in the statute suggests that an employee who has access to information, but is not required to use the information, is not a confidential employee. Finally, Minn.Stat. § 179A.03, subd. 4 applies to information "subject to use by the public employer in meeting and negotiating." It is not limited to "data or strategies used by the County in negotiations." Information is subject to use even if it is never used. ISS employees have "access to information subject to use by the public employer" under Minn.Stat. § 179A.03, subd. 4 even though they are not required to use the information to perform their jobs.

The BMS erroneously interpreted Minn.Stat. § 179A.03, subd. 4 by adding restrictions to both the type of access and the type of information required to make an employee a confidential employee when it determined that "access" means "regular and ongoing access" and that "information subject to use by the public employer in meeting and negotiating" means "data or strategies used by the County in negotiations." *See Minnesota Teamsters Pub. & Law Enforcement Employee's Union, Local No. 320, Minneapolis v. County of McLeod,* 509 N.W.2d 554, 556–57 (Minn.App.1993) (reversing BMS decision where BMS commissioner exceeded statutory authority by considering factors not listed in statutory language); *Vadnais v. State Farm Mut. Auto. Ins. Co.,* 354 N.W.2d 607, 609 (Minn.App.1984) (courts cannot amend statutes under guise of construction).

2. Respondent filed a motion with this court to dismiss relator's appeal or, in the alternative, to strike relator's entire reply brief or portions of relator's reply brief and its appendix because the appendix contains a document that was not submitted to the BMS and the reply brief contains references to this document.

The papers filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases.

Minn.R.Civ.App.P. 110.01.

Because the document in the appendix was not filed with the BMS it is not part of the record on appeal and should not have been included in the appendix. However, not every violation of the Rules of Civil Appellate Procedure warrants dismissal of the appeal. The Minnesota Supreme Court has outlined the following factors to consider on a motion to dismiss:

1. Has the movant been prejudiced by the appellant's failure to comply with the rules?

2. Has the appellant demonstrated justifiable cause for the failure to comply with the rules?

3. Has the defect been cured and have the record and all briefs been filed so that the merits can be evaluated?

4. Is the underlying appeal meritorious?

*Boom v. Boom,* 361 N.W.2d 34, 36 (Minn. 1985) (quoting *In re Estates of Kjorvestad,* 304 N.W.2d 83, 85 (N.D.1981)).

While the county has not demonstrated any justifiable cause for improperly including the document in its appendix, AFSCME has not demonstrated any prejudice caused by the county's failure to comply with the rules. Also, the defect will be cured if this court disregards the document and any reference to it. Finally, the underlying appeal is meritorious.

Therefore, we have disregarded the document and we grant the motion to strike it and references to it from the record, but we deny the motion to strike the entire reply brief and the motion to dismiss this appeal. *See, e.g., Safeco Ins. Cos. v. Diaz,* 385 N.W.2d 845, 847 (Minn.App.1986) (granting motion to strike material not part of record on appeal), *pet. for rev. denied* (Minn. June 30, 1986).

## DECISION

The BMS erroneously determined that the nonsupervisory ISS employees are not confidential employees under Minn.Stat. § 179A.03, subd. 4. Respondent's motion to dismiss the appeal is denied. Respondent's motion to strike relator's reply brief is denied. The document in the appendix to relator's reply brief that was not submitted to the BMS and all references to this document are stricken from the reply brief and have not been considered.

**Reversed.**