In the Matter of a Petition for Investigation and Determination of Public Employees' Appropriate Unit and Exclusive Representative.

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL NO. 65, NASHWAUK, Minnesota, Respondent,

v.

CITY OF BUHL, Minnesota, Relator,

Commissioner of Bureau of Mediation Services, Respondent.

No. C5–95–1617.

Court of Appeals of Minnesota.

Dec. 12, 1995.

Review Denied Jan. 25, 1996.

Don L. Bye and Timothy W. Andrew, Halverson Watters Downs Reyelts & Bateman, Ltd., Duluth, for American Federation of State, County and Mun. Employees, Council No. 65.

Rodney G. Otterness, Kent E. Nyberg Law Office, Ltd., Grand Rapids, for City of Buhl.

Considered and decided by HARTEN, P.J., and SCHUMACHER and FORSBERG*, JJ.

## OPINION

SCHUMACHER, Judge.

Relator City of Buhl seeks review of the decision of the Commissioner of the Bureau of Mediation Services certifying respondent American Federation of State, County and Municipal Employees, Council No. 65 as the exclusive representative of all supervisory employees of the city's police department. The city argues that AFSCME No. 65 may not be certified as the exclusive representative of the city's police department's supervisory employees because AFSCME No. 65 is the exclusive representative for a unit of nonsupervisory employees of the city's police department. We affirm.

## FACTS

AFSCME Council No. 65 is a labor organization that is certified as the exclusive repre-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

sentative of the nonsupervisory employees of the Buhl Police Department. On February 9, 1995, the union petitioned the Bureau of Mediation Services for a determination of appropriate unit and certification as the exclusive representative for a unit of supervisory employees within the police department. The unit the union seeks to represent includes two employees.

Following a hearing, the Commissioner certified the union as the exclusive representative for the following unit:

All supervisory employees of the Police Department of the City of Buhl, Minnesota, who are public employees within the meaning of Minn.Stat. 179A.03, Subd. 14, excluding all other employees.

This appeal followed.

### ISSUE

May the Bureau of Mediation Services certify as the exclusive representative of supervisors in a police department a union that already is the exclusive representative of nonsupervisors in that same police department?

### ANALYSIS

 The city argues that, under Minn. Stat. § 179A.06, subd. 2 (1994), AFSCME No. 65 may not be certified as the exclusive representative of the police department's unit of supervisory employees because AFSCME No. 65 is already the exclusive representative for a unit of nonsupervisory employees of the police department.

■ An appellate court is not bound by an agency's decision when statutory interpretation is involved. *Arvig Tel. Co. v. Northwestern Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn. 1978). The Public Employment Labor Relations Act gives public employees the right to form and join labor organizations. Minn. Stat. § 179A.06, subd. 2. Public employees "in an appropriate unit" have the right to designate an exclusive representative to negotiate with the employer. *Id.* PELRA addresses which units are "appropriate":

Supervisory or confidential employee organizations shall not participate in any capacity in any negotiations which involve units

of employees other than supervisory or confidential employees. Except for organizations which represent supervisors who are: (1) firefighters, peace officers subject to licensure under sections 626.84 to 626.855, guards at correctional facilities, or employees at hospitals other than state hospitals; and (2) not state or University of Minnesota employees, a supervisory or confidential employee organization which is affiliated with another employee organization which is the exclusive representative of nonsupervisory or nonconfidential employees of the same public employer shall not be certified, or act as, an exclusive representative for the supervisory or confidential employees. For the purposes of this subdivision, affiliation means either direct or indirect and includes affiliation through a federation or joint body of employee organizations.

*Id.*

Under PELRA it is generally improper to certify a union as the exclusive representative for both supervisory and nonsupervisory employees of the same public employer. The statute, however, creates an exception to this general rule for firefighters, peace officers, guards at correctional facilities, employees at hospitals other than state hospitals, and state and University of Minnesota employees. Because the unit that AFSCME No. 65 seeks to represent is composed of "peace officers subject to licensure under sections 626.84 to 626.855," the exception applies and AFSCME No. 65 may represent both the supervisory and nonsupervisory employees.

### DECISION

The Commissioner properly certified AFSCME No. 65 as the exclusive representative for the unit made up of supervisors of the Buhl Police Department.

**Affirmed.**