**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL NO. 14, SAINT PAUL, MINNESOTA, Respondent,**

v.

**CITY OF PLYMOUTH, Minnesota, Relator,**

**State of Minnesota, Bureau of Mediation Services, Respondent.**

**No. C1–96–1818.**

Court of Appeals of Minnesota.

May 6, 1997.

Gregg M. Corwin, Karin E. Peterson, Gregg M. Corwin & Associates, St. Louis Park, for Respondent AFSCME.

Roger N. Knutson, Andrea McDowell Poehler, Campbell, Knutson, Scott & Fuchs, P.A., Eagan, for Relator.

Hubert H. Humphrey, III, Attorney General, Andrea Mitau Kircher, Assistant Attorney General, St. Paul, for Respondent Bureau of Mediation Services.

Considered and decided by WILLIS, P.J., and RANDALL and KLAPHAKE, JJ.

## OPINION

WILLIS, Judge.

The City of Plymouth challenges the decision of the Commissioner of the Bureau of Mediation Services (BMS) that certain city employees are not confidential employees and are therefore included in a bargaining unit represented by the American Federation of State, County and Municipal Employees, Council No. 14 (AFSCME).

## FACTS

The city filed a petition with the BMS to determine whether certain of its employees

were confidential employees. In April 1996, the BMS issued an order concluding that certain employees in the city's information technology unit were confidential employees and were therefore excluded from the AFSCME bargaining unit. After the BMS's April 1996 order, the legislature changed the definition of confidential employee. AFSCME filed a petition with the BMS to determine the effect of the change on the employees the BMS had found to be confidential in its April 1996 order. In an order dated August 6, 1996, the BMS stated that

> [s]ome of the functions of the [employees] will be data design, data base, design reports and building an interface. It is possible that some of the information contained in these programs is confidential. However, the information that is generated by these programs will not be used by the [employees] as a regular function of their job.

The BMS concluded that the four employees at issue in this appeal were not confidential employees and were thus included in the AFSCME bargaining unit.

## ISSUE

Did the Bureau of Mediation Services err in concluding that the employees were not confidential employees?

## ANALYSIS

The city argues that the BMS erred in concluding that to be confidential pursuant to Minn.Stat. § 179A.03, subd. 4 (1996), employees not only must have access to labor relations information, but also must use that information as an integral part of their jobs.

This court is not bound by an administrative agency's interpretation of a statute. *Arvig Tel. Co. v. Northwestern Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn.1978). In interpreting statutes, this court's function is to effectuate the legislature's intention. *New-Mech Cos. v. Independent Sch. Dist. No. 206*, 540 N.W.2d 801, 806 (Minn.1995).

In *AFSCME, Council 14 v. Scott County*, 530 N.W.2d 218 (Minn.App.1995), *review denied* (Minn. May 16, 1995 and June 14, 1995), this court found that the BMS erred in concluding that the word "access" as used in Minn.Stat. § 179A.03, subd. 4 (1994), meant "regular and ongoing access." *Id.* at 222. The *Scott County* court concluded that because they had access to confidential information, certain computer personnel were confidential employees. *Id.* at 222. In response to the *Scott County* decision, the BMS requested that the legislature amend the statute. The legislature ultimately changed the definition of confidential employee from

> any employee who:
>
> (1) has access to information subject to use by the public employer in meeting and negotiating; or
>
> (2) actively participates in the meeting and negotiating on behalf of the public employer.

Minn.Stat. § 179A.03, subd. 4 (1994), to

> an employee who as part of the employee's job duties:
>
> (1) has access to labor relations information as that term is defined in section 13.37, subdivision 1, paragraph (c); or
>
> (2) actively participates in the meeting and negotiating on behalf of the public employer.

Minn.Stat. § 179A.03, subd. 4 (1996). Minn.Stat. § 13.37, subd. 1(c) (1996), defines labor relations information as

> management positions on economic and noneconomic items that have not been presented during the collective bargaining process or interest arbitration, including information specifically collected or created to prepare the management position.

At a hearing before the Joint Subcommittee on Employee Relations Legislative Coordinating Commission, the director of the commission explained that under the new definition, confidential employees would be

> those employees who have access to confidential data as part of their job duties, so that an employee walking by a desk that had [labor relations information] on it would not be considered confidential just because they could see it. It actually has to be in as part of their job duties.

*Hearing on S.F. No. 2457 Before the Joint Subcommittee on Employee Relations Legislative Coordinating Comm'n* (Jan. 12, 1996).

The BMS concluded here that "using [labor relations] information as an integral part of an employee's job duties is the key to being declared confidential." The statute, however, confers confidential status on employees who have *access* to labor relations information as part of their job duties, not just on those who regularly *use* such information. *See Scott County,* 530 N.W.2d at 222 (stating that "nothing in [section 179A.03, subdivision 4,] suggests that an employee who has access to information, but is not required to use the information is not a confidential employee"). The supervisor of the employees in this case testified that they have access to labor relations information as part of their job duties. Further, the BMS itself stated in its April 1996 order that these employees had "access to information used by a public employer * * * in negotiations."

The BMS erroneously interpreted section 179A.03, subdivision 4, by adding a requirement that employees use labor relations information, rather than merely have access to it, in order to be classified confidential. *See id.* (concluding that BMS erred in adding restrictions to type of access required to make employee confidential). Because the employees have access to labor relations information as part of their job duties, they are confidential employees.

## DECISION

The BMS erred in determining that the employees were not confidential employees under Minn.Stat. § 179A.03, subd. 4.

**Reversed.**