**EDUCATION MINNESOTA–CHISHOLM, Chisholm, Minnesota, Relator,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 695, Chisholm, Minnesota, Respondent,**

**STATE of Minnesota, Bureau of Mediation Services, Respondent.**

No. C1–02–291.

Court of Appeals of Minnesota.

Aug. 13, 2002.

Christina L. Clark, Education Minnesota, St. Paul, for relator.

Scott C. Neff, The Trenti Law Firm, Virginia, for respondent ISD No. 695.

Joseph E. Flynn, Jennifer K. Anderson, Knutson, Flynn & Deans, P.A., Mendota Heights, for amicus curiae Minnesota School Boards Association.

Considered and decided by ANDERSON, Presiding Judge, LANSING, Judge, and KALITOWSKI, Judge.

## OPINION

### G. BARRY ANDERSON, Judge.

Relator petitioned for clarification of a collective-bargaining unit, requesting that certain part-time early childhood family education teachers be included within that local bargaining unit. A hearing officer denied relator's petition for clarification. Relator argues that part-time early childhood family education teachers are "public employees" under Minn.Stat. § 179A.03, subd. 14 (2000) and therefore should be included in the bargaining unit. Because early childhood family education programs and courses are community education instruction offered on a noncredit basis, we affirm.

### FACTS

The parties have stipulated to the facts. Respondent Independent School District No. 695, Chisholm, Minnesota (school district), is a public employer subject to the Public Employment Labor Relations Act (PELRA). Minn.Stat. § 179A.01–.25 (2000 & Supp.2001). The school district offers early childhood family education (ECFE) programs and courses for the district's parents and their pre-school children.[1] ECFE programs and courses are optional and are not included in the compulsory instruction mandated by Minn. Stat. § 120A.22 (2000). ECFE programs and courses are held during the school year; however, the ECFE teaching year is generally shorter than the 180–day academic year. The school district employs six licensed,[2] part-time ECFE teachers in the program, which is operated at two district elementary schools. Historically, the school district has paid ECFE teachers an hourly wage and the teachers have not received benefits as part of their employment.

On February 23, 2001, relator Education Minnesota–Chisholm[3] filed a petition for unit clarification with respondent Minnesota Bureau of Mediation Services (Bureau) requesting that the part-time ECFE teachers be included in the local bargaining unit. The parties agreed to forego a contested evidentiary hearing and submitted the dispute to a hearing officer on stipulated facts.

The hearing officer determined that, based on Bureau precedent and the plain language of Minn.Stat. § 179A.03, subd. 14, "ECFE instructors are hired by the school district for the purpose of community education offered on a non-credit basis." In re Petition for Clarification by Educ. Minn.-Chisholm, BMS No. 01–PCL–961 (Feb. 5, 2002). The hearing officer therefore concluded that the ECFE teachers were subject to the minimum hour require-

---

1. ECFE is based on the idea that the family provides a child's first and most important learning environment, and parents are a child's first and most significant teachers. ECFE works to strengthen families and enhance the ability of all parents to provide the best possible environment for the healthy growth and development of their children. Early Childhood Family Education (ECFE), *at* http://children.state.mn.us/ecfi/ecfe.htm (last modified Apr. 25, 2001). *See generally* Minn. Stat. § 124D.13 (2000).

2. Minnesota law requires ECFE teachers to hold teacher's licenses. Minn.Stat. § 122A.26, subd. 2 (2000) ("A person who teaches in an early childhood and family education program which is offered through a community education program * * * shall continue to meet licensure requirements as a teacher.").

3. Education Minnesota–Chisholm is the exclusive bargaining representative for teachers in Independent School District No. 695.

ments of Minn.Stat. § 179A.03, subd. 14(e) and, consequently, the part-time ECFE teachers were not "public employees" under PELRA. The hearing officer thus excluded the part-time ECFE teachers from the bargaining unit. Relator filed a petition for writ of certiorari with this court on February 21, 2002.

## ISSUE

Are early childhood family education programs and courses community education instruction offered on a noncredit basis?

## ANALYSIS

Relator advances several reasons why it believes the Bureau erred in its interpretation of the statute: (1) the concept of credit/noncredit simply does not apply to ECFE; (2) the legislature did not intend to exclude part-time ECFE teachers from the definition of "public employee"; and (3) PELRA has consistently included teachers as "public employees" no matter how few hours they work per week.

■■■ An agency's construction of a statute may be entitled some weight when the statutory language is technical and the agency's interpretation is longstanding. *See Lolling v. Midwest Patrol*, 545 N.W.2d 372, 375 (Minn.1996). As relator notes, however, the Bureau has never specifically addressed the issue presented in this case and the statutory language is not technical. Therefore, we are not bound by the Bureau's interpretation of the statute. *See Am. Fed'n of State, County & Mun. Employees, Council No. 14, Saint Paul v. City of Plymouth*, 563 N.W.2d 79, 80 (Minn. App.1997). ("This court is not bound by an administrative agency's interpretation of a statute." (citation omitted)); *Am. Fed'n of State, County & Mun. Employees, Council No. 65, Nashwauk v. City of Buhl*, 541 N.W.2d 12, 13 (Minn.App.1995), *review de-*

*nied* (Minn. Jan. 25, 1996); *Rochester Educ. Ass'n v. Indep. Sch. Dist. No. 535*, 415 N.W.2d 743, 745 (Minn.App.1987) (stating that an agency's determination that certain individuals were not "teachers" under the statute "while entitled to respect, is fully reviewable" (citations omitted)); *Indep. Sch. Dist. No. 721, New Prague v. Sch. Servs. Employees, Local 284, Richfield*, 379 N.W.2d 673, 674 (Minn. App.1986) (reviewing the Bureau's interpretation of "normal work week" de novo), *review denied* (Minn. Mar. 14, 1986).

■■■ Minn.Stat. § 179A.06, subd. 2 (2000) grants public employees "the right to form and join labor or employee organizations." "Public employees in an appropriate unit have the right to designate an exclusive representative to negotiate with the employer." *City of Buhl*, 541 N.W.2d at 13 (quotation omitted). Under Minn. Stat. § 179A.04, subd. 2 (2000), the Bureau is authorized to determine whether an employee is a "public employee" and which public employees constitute an appropriate bargaining unit for purposes of collective bargaining. *See generally* Minn.Stat. § 179A.09 (2000) (criteria for unit determination).

■■■ "Public employee," however, is defined by statute. Minn.Stat. § 179A.03, subd. 14. In general, a "public employee" is a "person appointed or employed by a public employer." *Id.* This broad definition, however, is subject to several specific exceptions. For example, a part-time employee whose work "does not exceed the lesser of 14 hours per week or 35 percent of the normal work week in the employee's appropriate unit" is not a "public employee." *Id.*, subd. (e). Therefore, in general, part-time employees who fail to satisfy this minimum hour requirement are not public

employees and must not be included in the particular bargaining unit.[4]

■ The statute, however, provides a "teacher" exception to the part-time employee exception. A part-time employee who does not satisfy the minimum hour requirement is still a "public employee" if the employee is hired by a school district to (1) replace an absent teacher who is a public employee; or (2) take a new teaching position. *Id.*, subd. 14, cl. (i)(A)-(B). Therefore, the teacher exception to the part-time employee exception essentially exempts most part-time K–12 teachers from the minimum hour requirement and consequently most part-time K–12 teachers are public employees under PELRA.[5]

■ But there is also an exception to the teacher exception. Although most part-time K–12 teachers are "public employees," a teacher hired by a school district "for community services or community education instruction offered on a noncredit basis" is still subject to the minimum hour requirement. *Id.*, subd. 14, cl. (i). Thus, part-time community education teachers who do not satisfy the minimum hour requirement are not public employees if they teach community education programs and courses which are "offered on a noncredit basis." *Id.*

The parties agree that ECFE is community education. The parties have also stipulated that the ECFE teachers relevant to this appeal are not public employees if we conclude that ECFE programs and courses are "offered on a noncredit basis." Therefore, the outcome of this case neces-sarily depends on the meaning of "noncredit."

■ Because early childhood family education programs and courses are not offered for some type of "credit," they are offered on a noncredit basis; consequently, we conclude that part-time ECFE teachers who fail to satisfy the statute's minimum hour requirement are not "public employees" under PELRA.

### A. Plain Meaning of Noncredit

The goal of statutory interpretation is to ascertain the intent of the legislature; but "[w]ords and phrases [must be] construed according to rules of grammar and according to their common and approved usage." Minn.Stat. § 645.08(1) (2000); *see also Arlandson v. Humphrey*, 224 Minn. 49, 55, 27 N.W.2d 819, 823 (1947) ("Unless obviously used in a different sense, words in a statute are to be construed in their ordinary, popular sense,—according to the common and approved usage of the language." (quotation omitted)). When the words of a statute are clear and unambiguous, the statutory language must not be disregarded. *See* Minn.Stat. § 645.16 (2000); *Olson v. Am. Family Mut. Ins. Co.*, 636 N.W.2d 598, 604 (Minn.App.2001) ("The legislature * * * has made it clear that legislative intent and the spirit of the law, if any such intent or spirit can be ascertained, cannot override the plain language of a statute." (citation omitted)). Therefore, contemporaneous legislative history should only be examined when the words of a statute are not explicit. Minn.Stat. § 645.16.

---

4. *See, e.g.,* In re Petition for Clarification by Stewartville Educ. Ass'n, BMS No. 87–PR–5 (Oct. 7, 1986) (concluding that *full-time* ECFE teachers are "public employees" because they satisfy the statute's minimum hour requirement and whether they teach noncredit courses is irrelevant).

5. A replacement teacher, however, must work more than 30 days as a replacement to qualify as a public employee. Minn.Stat. § 179A.03, subd. 14, cl. (i)(A).

"Noncredit" is not defined by PELRA or other Minnesota law. "Noncredit," in the context of educational instruction, is generally defined as "[o]f, relating to, or constituting an educational course that does not offer credit toward an academic degree." *The American Heritage Dictionary* 1230 (3rd ed.1992). "Credit," on the other hand, is defined as "[o]fficial certification or recognition that a student has successfully completed a course of study: * * * A unit of study so *certified.*" *Id.* at 439. Other authorities define "credit" as "educational recognition that a course of studies has been successfully completed." WordNet 1.6 (Princeton Univ.1997), *at* http://www.dictionary. com/search?q=credit (last visited July 25, 2002). "Credit" has also been defined as "[t]he honour or commendation bestowed on account of a particular action, personal quality, etc.; acknowledgement of merit." *Oxford English Dictionary* 1155 (Oxford Univ. Press 1987).

Relator argues, and the dissent agrees, that concepts of credit and noncredit simply do not apply to ECFE instruction. Until this case, the Bureau has never had occasion to interpret the definition of "noncredit."[6] But, as respondent notes, the definition of "noncredit" is clear, unambiguous, and relatively simple: it means "not for credit." ECFE courses, like other community education courses, are not offered as part of any academic program with a graduation or like event as the ultimate outcome. Unlike elementary school, high school, college, or university curricula where satisfaction of certain academic requirements results in uniform advancement (usually in one-year increments) and graduation, ECFE programs and courses have no such uniform curricula or potential for academic advancement.

Moreover, ECFE programs and courses are optional and not mandated by state law. *See* Minn.Stat. § 120A.22; Early Childhood Family Education (ECFE), *at* http://children.state.mn.us/ecfi/ecfe.htm ("Participation is voluntary and services are offered free, or for a nominal fee.") (last modified April 25, 2001). Affording the word "noncredit" its common and approved meaning leads inexorably to the conclusion that ECFE programs and courses are "offered on a noncredit basis."

### B. *Legislative History & Purpose of PELRA*

Relator also argues that the legislature intended to include part-time ECFE teachers as "public employees" under PELRA and that the statute has always included teachers no matter how may hours they work per week. Because we have already concluded the word "noncredit" is clear and unambiguous, we need not examine contemporaneous legislative history. What remains of the contemporaneous legislative history, however, does not detract from our conclusion that ECFE pro-

---

**6.** The Bureau relied on three prior Bureau orders as precedent, but, as relator argues, none of these cases directly addressed the definition of "noncredit." Only two cases are specifically relevant to this appeal. In the first case, the Bureau concluded "community education instructors of non-degree *credit* classes are public employees within the meaning of * * * PELRA." In re Petition for Clarification by Robbinsdale Fed'n of Teachers, BMS No. 84–PR–591–A (Mar. 2, 1984) (emphasis added). The Bureau also recognized in dictum, however, "that the part-time (e) and temporary (f) exclusionary clauses apply to units of community education instructors teaching noncredit courses." *Id.* In the second case, the Bureau apparently assumed that ECFE teachers provided "non-credit instruction," and were therefore subject to the minimum hour requirement of Minn.Stat. § 179A.03, subd. 14(e). In re Petition for Clarification by Elk River Educ. Ass'n, BMS No. 93–PCL–973 (May 27, 1993).

grams and courses are community education instruction offered on a noncredit basis.

Relator correctly points out that the legislature amended the statute in 1983 to include as "public employees" most K–12 teachers regardless of how many hours they work per week. 1983 Minn. Laws ch. 322, § 1. But the legislature, in the same amendment, also carved out the explicit exception for part-time employees teaching noncredit community education programs and courses. *Id.* (amending Minn.Stat. § 179A.63, subd. 7 (1982)).

Moreover, the legislative history of the 1983 amendment is plainly equivocal. As relator concedes, the legislative history does not indicate whether the legislature discussed or considered the amendment's effect on part-time ECFE teachers. Relator's contention that the exception for noncredit community education instruction was targeted at adult "value-added" or secondary education courses is, therefore, pure speculation and conjecture.

Relator also posits that there is no reason why part-time ECFE teachers should be treated differently than their part-time K–12 and full-time ECFE colleagues. Indeed, under our construction of the statute, full-time ECFE teachers are public employees, whereas part-time ECFE teachers will not be public employees. The scope of a statute, however, is the province of the legislature, not the courts. *In re Welfare of J.R.Z.*, 648 N.W.2d 241, 248 (Minn.App.2002) (stating that "the decision concerning the reach of the statute rests with the legislature"); *Ullom v. Indep. Sch. Dist. No. 112*, 515 N.W.2d 615, 617 (Minn.App.1994) (suggesting that courts cannot add to a statute "what the legislature purposely omits or inadvertently overlooks" (quotations omitted)). The legislature had the opportunity in 1983 to specifically include all teachers, including all community education teachers, within the definition of "public employee." It did not.

## DECISION

The Bureau did not err when it concluded that early childhood family education programs and courses are community education instruction offered on a noncredit basis. Consequently, the Bureau did not err when it concluded that early childhood family education teachers who do not satisfy the minimum hour requirement of Minn. Stat. § 179A.03, subd. 14(e), are not "public employees" under PELRA.

**Affirmed.**

LANSING, Judge (dissenting).

I respectfully dissent. I agree with the majority's analysis that the statutory language at issue, Minn.Stat. § 179A.03, subd. 14 (2000), is neither technical nor subject to an agency's longstanding interpretation. But I disagree that subdivision 14, clause (i) of section 179A.03 unambiguously excludes parttime licensed teachers in the Early Childhood Family Education (ECFE) program from the definition of public employee.

It is undisputed that the Chisholm School District is a public employer, that ECFE is funded through community education, and that only licensed teachers may be employed for ECFE programs. Under Minn.Stat. § 179A.03, subd. 14, subject to specific exceptions, any person employed by a public employer is a public employee. One of the exceptions is parttime employees whose service does not exceed a minimum number of hours. *Id.*, subd. 14(e). But this exception does not apply to

(i) [a]n employee hired by a school district or the board of trustees of the Minnesota state colleges and universities except at the university established in

section 136F.13 or for community services or community education instruction offered on a noncredit basis: (A) to replace an absent teacher or faculty member who is a public employee, where the replacement employee is employed more than 30 working days as a replacement for that teacher or faculty member; or (B) to take a teaching position created due to increased enrollment, curriculum expansion, courses which are a part of the curriculum whether offered annually or not, or other appropriate reasons[.] *Id.*, subd. 14, cl. (i).

The term "community education instruction offered on a noncredit basis" is ambiguous both in text and context because elementary and early childhood education do not have a credit certification system. The word "noncredit" presupposes a credit-noncredit distinction that does not exist in elementary and early childhood education but does apply to secondary and postsecondary education.

When a statute speaks with clarity in limiting its application to specifically enumerated subjects, its application should not extend to other subjects. *Martinco v. Hastings,* 265 Minn. 490, 495, 122 N.W.2d 631, 637 (1963). But when the language of a statute is ambiguous, the appellate court must "determine the probable legislative intent and give the statute a construction that is consistent with that intent." *Tuma v. Comm'r of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn.1986) (citations omitted).

Education–Minnesota Chisholm and the Chisholm School District do not disagree on the legislature's purpose for adding "community education instruction offered on a noncredit basis" to subdivision 14. The phrase was part of an act with the stated purpose of expanding the definition of public employee to add certain postsecondary teachers to the other parttime teachers already included in the definition.

1983 Minn. Laws ch. 322, § 1. The accompanying restriction for "community education instruction offered on a noncredit basis" essentially excluded adult education courses that did not provide formal or institutional credit.

Consistent with the stated purpose for the amendment, the act inserted "faculty member" in two places, inserted references to the community college board and state university board in several places, and excluded "individual[s] hired to teach one course for up to four credits for one quarter in a year." *Id.* The restriction for instruction offered on a noncredit basis was not aimed at teachers in the preschool ECFE program and should not be applied to exclude those teachers from the teachers' bargaining unit.

Finally, including the parttime ECFE teachers in the teachers' bargaining unit is consistent with the statutory structure that permits teachers who teach parttime in the kindergarten and elementary school system to participate in the teachers' bargaining unit without requiring a minimum number of service hours. It also achieves the logical result of allowing the parttime ECFE teachers to participate in the same bargaining unit with their fulltime ECFE counterparts. For all of these reasons, I dissent.