Stephen ULLOM, Relator,

v.

**INDEPENDENT SCHOOL DISTRICT NO. 112, CHASKA, Minnesota, Respondent.**

No. C5–93–2035.

Court of Appeals of Minnesota.

May 3, 1994.

Richard L. Kaspari, Garber & Metcalf, Minneapolis, for relator.

Anne F. Krisnik, Gregory S. Madsen, Knutson, Flynn, Hetland, Deans & Olsen, St. Paul, for respondent.

Considered and decided by PETERSON, P.J., and KALITOWSKI and HARTEN, JJ.

**OPINION**

PETERSON, Judge.

Independent School District No. 112 denied Stephen Ullom's request for reinstatement under Minn.Stat. § 122.895, subd. 7 (1992). Ullom filed a certiorari appeal, seeking review of the school district's decision. We affirm.

**FACTS**

Respondent Independent School District No. 112 (School District) is a member of the Carver–Scott Educational Cooperative (Cooperative). The Cooperative provides special education and other services to its seven member districts. At the end of the 1992–1993 school year, the School District began providing special education services for children ages three through five on its own rather than obtaining them through the Cooperative. The School District continued receiving other services through the Cooperative and remained a member of the Cooperative.

The Cooperative employed relator Stephen Ullom as a full-time teacher in its special education program for children ages three through five. Ullom provided speech and language services and instruction to the students. The Cooperative placed Ullom on unrequested leave at the end of the 1992–1993 school year.

Sometime later, the School District posted a vacancy for a full-time speech clinician or language pathologist. Ullom applied for the position. The School District denied Ullom's request for reinstatement and hired someone else for the position.

**ISSUE**

Did the School District properly determine that because the School District had not withdrawn entirely from the Cooperative, Ullom was not entitled to reinstatement under Minn.Stat. § 122.895, subd. 7 (1992)?

**ANALYSIS**

When reviewing a school board's decision, this court must uphold the decision unless it is unsupported by substantial evidence, based upon errors of law, or fraudulent, arbitrary, or unreasonable. *Harms v. Independent Sch. Dist. No. 300 LaCrescent,* 450 N.W.2d 571, 574 (Minn.1990). A reviewing court is not bound by a school board's determination concerning questions of law such as statutory interpretation. See *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985) (reviewing court not bound by administrative agency's decision regarding question of law).

Minn.Stat. § 122.895 (1992) provides:

**Subd. 3. Notification of teachers.** In any year in which a cooperative dissolves or *a member withdraws from a cooperative,* the governing board of a cooperative shall provide all teachers employed by the

cooperative written notification by March 10 of:

(1) the dissolution of the cooperative and the effective date of dissolution; or

(2) the *withdrawal of a member* of the cooperative and the effective date of withdrawal.

\* \* \* \* \* \*

**Subd. 7. Rights of a teacher placed on unrequested leave upon withdrawal.** (a) This subdivision applies to a teacher who is placed on unrequested leave of absence, according to section 125.12, subdivision 6a or 6b, in the year in which the cooperative provides the notice required by subdivision 3, clause (2), by *a cooperative from which a member district is withdrawing.*

This subdivision applies to a district that, except as a result of open enrollment according to section 120.062, provides essentially the same instruction provided by the cooperative to pupils enrolled in the *withdrawing district.*

(Emphasis added.) Minn.Stat. § 122.895, subd. 7(b)–(d) grants reinstatement and tenure rights to teachers placed on unrequested leave.

It is undisputed that Minn.Stat. § 122.895, subds. 3, 7 would apply if the School District had withdrawn entirely from the Cooperative. It is also undisputed that the School District did not withdraw entirely from the Cooperative. Ullom argues Minn.Stat. § 122.895, subds. 3, 7 apply when a school district withdraws partially from a cooperative by stopping its participation in a program offered through the cooperative.

■ The purpose of statutory interpretation is to give effect to the legislature's intent. Minn.Stat. § 645.16 (1992). When the words in a statute are clear and unambiguous, a court must give effect to the plain meaning of the language. *Tuma v. Commissioner of Economic Sec.,* 386 N.W.2d 702, 706 (Minn.1986).

■ In each place in Minn.Stat. 122.895, subds. 3, 7 where the term withdraw is used, it refers to a district withdrawing from a cooperative. *See also* Minn.Stat. § 122.895, subds. 6, 9 (1992) (discussing other matters applicable to withdrawal of member district from cooperative). The references to withdrawal are not qualified in any way. The plain meaning of the statutory language requires us to interpret Minn.Stat. § 122.895, subds. 3, 7 as referring only to the withdrawal of a district entirely from a cooperative.

■ To interpret the statute to apply in other situations would require us to specify an event other than complete withdrawal that would trigger the notice requirement in subdivision three and the corresponding teachers' rights in subdivision seven. We cannot specify an event other than the district's withdrawing entirely from the cooperative without adding words to the statute, something which this court is prohibited from doing. "We cannot supply what the legislature 'purposely omits or inadvertently overlooks.' " *Renstrom v. Independent Sch. Dist. No. 261,* 390 N.W.2d 25, 27 (Minn.App.1986) (quoting *Wallace v. Commissioner of Taxation,* 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971)).

Ullom argues that Minn.Stat. § 122.895, subd. 7 is intended to protect the tenure rights of teachers whose employment with a cooperative ends because a member district decides to provide services on its own rather than obtaining them through the cooperative. *See Frye v. Independent Sch. Dist. No. 625,* 494 N.W.2d 466, 467 (Minn.1992) (purpose of teacher tenure law is to protect teachers from arbitrary terminations unrelated to ability to teach); *Dokmo v. Independent Sch. Dist. No. 11 Anoka–Hennepin,* 459 N.W.2d 671, 680 (Minn.1990) (Wahl, J., dissenting) (main purpose of teacher tenure law is to provide stable and permanent employment to teachers who have proven their ability to teach).

■ From a policy standpoint, it is not apparent that it should matter whether a school district withdraws entirely from a cooperative or stops participating in one or more programs offered by a cooperative and begins providing those services on its own. However, we have no authority to modify the plain words of a statute to reflect the policy that we believe it is intended to promote.

*See* Minn.Stat. § 645.16 (when statute free of ambiguity, letter of law cannot be disregarded under pretext of pursuing its spirit).

### DECISION

Because the School District remained a member of the Cooperative, it was not required to comply with Minn.Stat. § 122.895, subd. 7. The School District properly denied Ullom's request for reinstatement under the statute.

**Affirmed.**