**UNITED STATES of America,**
**Appellee,**

v.

**Richard WILLIAMS, Defendant–**
**Appellant,**

**No. 03–1750.**

United States Court of Appeals,
Second Circuit.

Argued: Nov. 1, 2004.

Decided: Nov. 19, 2004.

Robert Soloway (David A. Stern and Tanya D. Horton, of counsel), New York, NY, for Appellant.

Elizabeth Carpenter, Assistant United States Attorney (Marc Litt, Assistant United States Attorney, and David N. Kelley, United States Attorney for the Southern District of New York), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Before: CARDAMONE, CABRANES, and SOTOMAYOR, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

Defendant Richard Williams appeals from a judgment of conviction in the United States District Court for the Southern District of New York (John F. Keenan, *Judge*) for possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Before agreeing to proceed by bench trial, defendant moved, under Federal Rules of Criminal Procedure 12(b), for permission to raise the defenses of necessity and innocent possession. At sentencing, defendant sought, *inter alia,* a two-point decrease in his offense level for "acceptance of respon-

sibility," pursuant to United States Sentencing Guidelines ("Guidelines") § 3E1.1(a). Defendant appeals the District Court's denial of both motions. We affirm.

## I. Background

Defendant was arrested in the late evening of August 11, 2002. After waiving his *Miranda* rights, defendant made the following written statement:

> On 8/12/02, at about 12:05 AM, I took a black .357 revolver from my friends [sic] cousin, a male black 15 yrs old after hearing two loud gunshots. I took the gun from this kid because I didn't want him to get in trouble and I wanted to get the gun off the street. I was in the process of dumping this gun, heading for an incinerator to put in, when I was stopped by the police in rear of 1368 Webster. I dropped the gun and was later caught by the police in front of 1368 Webster Ave....

It is uncontested that a New York state court had previously convicted defendant of criminal possession of a loaded firearm in the third degree, a Class D felony. Accordingly, defendant was charged with a single count of violating 18 U.S.C. § 922(g)(1).[1]

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, defendant sought a pretrial ruling permitting him to raise the defenses of necessity and innocent possession.[2] The District Court denied defendant's motion, holding that defendant's proposed testimony "will not give rise to a jury charge of 'innocent posses-

sion' or 'necessity.'" *United States v. Williams*, No. 02–CR–1210, 2003 U.S. Dist. LEXIS 3561, at *2 (S.D.N.Y. Mar. 11, 2003).

Defendant and the Government then agreed to proceed by bench trial, *see* Fed. R. Crim P. 23(a), on stipulated facts, which included defendant's post-arrest statement. On June 11, 2003, the District Court found defendant guilty as charged. At sentencing, defendant sought, *inter alia*, a two-point decrease in the offense level established by the Guidelines for "acceptance of responsibility." *See* U.S.S.G. § 3E1.1(a). The District Court denied this request. Transcript at 5, *United States v. Williams*, No. 02–CR–1210 (S.D.N.Y. Nov. 13, 2003).

## II. Discussion

■ A federal court may preclude a defendant from presenting a defense when "the evidence in support of such a defense would be legally insufficient." *United States v. Villegas*, 899 F.2d 1324, 1343 (2d Cir.1990); *see also United States v. Paul*, 110 F.3d 869, 871 (2d Cir.1997). Here, the District Court correctly held that defendant did not present evidence sufficient to sustain a necessity defense or an innocent possession defense.

■ In *United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 490, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001), the Supreme Court "note[d] that it is an open question whether federal courts ever have authority to recognize a necessity defense not provided by statute." Al-

---

**1.** 18 U.S.C. § 922(g)(1) makes it "unlawful for any person ... who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

**2.** Fed.R.Crim.P. 12(b)(2) permits a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."

though the language of 18 U.S.C. 922(g)(1) does not provide for a necessity defense, we will assume, without deciding, that persons charged with violating 18 U.S.C. 922(g)(1) may assert such a defense.

The District Court was nonetheless correct to deny defendant permission to raise the necessity defense. Defendant agrees—as he did before the District Court—that one of the several prerequisites for the necessity defense is that the crime be committed "under unlawful and present threat of death or serious bodily injury." Appellant's Br. at 8 (quoting *United States v. Gregg*, No. 01–CR–501, 2002 U.S. Dist. LEXIS 14475, at *13 (S.D.N.Y. Aug. 5, 2002)); *see also United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir.2000); *People v. Craig*, 78 N.Y.2d 616, 623–24, 578 N.Y.S.2d 471, 585 N.E.2d 783 (1991). The District Court, however, found that, even if such an unlawful and present threat existed "when the defendant first took the gun, it was no longer true when he fled from the police."[3] *Williams*, 2003 U.S. Dist. LEXIS 3561, at *1. That finding is not error, much less clear error. *See United States v. Yousef*, 327 F.3d 56, 137 (2d Cir.2003) (stating "clear error" standard of review of district court findings of fact). The District Court's analysis is consistent with the principle that "[t]he offense proscribed by section 922(g)(1) . . . continues to be committed as long as the felon continues to be in possession," *United States v. Dillard*,

214 F.3d 88, 94 n. 5 (2d Cir.2000), and with the views of our sister circuits, *e.g.*, *United States v. Singleton*, 902 F.2d 471, 473 (6th Cir.1990) (holding that a defendant asserting a necessity defense must "show that he did not maintain possession any longer than absolutely necessary"); *United States v. Stover*, 822 F.2d 48, 50 (8th Cir.1987) (concluding that "the defense of justification had no applicability to [the defendant's] possession of the gun" once the defendant "was no longer in any imminent danger of death or serious bodily injury"); *see also United States v. Beasley*, 346 F.3d 930, 935–36 (9th Cir.2003); *Deleveaux*, 205 F.3d at 1298 n. 10.

■ Defendant also argues that the District Court erred in refusing to permit an innocent possession defense. Again, we disagree. In *United States v. Paul*, 110 F.3d at 872, we found that circumstances "may be imagined" where possession of a firearm is too fleeting to violate 18 U.S.C. 922(g). We offered an example of a felon who notices "a police officer's pistol slip to the floor while the officer was seated at a lunch counter," picks up the weapon, and immediately returns it to the officer. *Id.* By contrast, defendant—who admits to taking a gun from a friend's cousin so the latter would not "get in trouble," and to undertaking "the process of dumping this gun"—extended his possession of a firearm far beyond the fleeting sort of possession we illustrated in *Paul*.[4]

---

**3.** On appeal, defendant contends that he "never conceded" fleeing from the police. Appellant's Br. at 11. This argument is, in our view, immaterial. Whether defendant fled from the police or not, the District Court did not err in finding that defendant was not under an unlawful and present threat of death or serious bodily injury immediately prior to being arrested. Defendant's stipulated statement regarding the circumstances of his arrest—"I was in the process of dumping this gun, heading for an incinerator to put it in,

when I was stopped by the police . . . ."— leaves no doubt in this regard. Therefore, no material dispute remains for a trier of fact to resolve.

**4.** Defendant's "innocent possession" defense also relies on *United States v. Mason*, 233 F.3d 619 (D.C.Cir.2000). In *Mason*, however, the District of Columbia Circuit specified that "*[i]n particular*, a defendant's actions *must* demonstrate both that he had the intent to turn the weapon over to the police and that he was pursuing such an intent with imme-

 Finally, defendant challenges the District Court's denial of a two-level decrease in the Guidelines offense level for "clearly demonstrat[ing] acceptance of responsibility," pursuant to U.S.S.G. § 3E1.1(a). Application Note 5 to this Guidelines provision specifies that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," which entitles the sentencing judge "to great deference on review." Consequently, we do not "disturb the district court's factual determination regarding whether a defendant has accepted responsibility unless it is 'without foundation.'" *United States v. Guzman,* 282 F.3d 177, 184 (2d Cir.2002) (quoting *United States v. Austin,* 17 F.3d 27, 30 (2d Cir.1994)). In denying defendant's request for an "acceptance of responsibility" reduction, the District Court stated that defendant "consistently refused to accept full responsibility for his criminal activity and he continues to urge that what he did was justified." Transcript at 5, *Williams,* No. 02–CR–1210 (Nov. 13, 2003). Upon review of the record, we cannot conclude that the District Court's determination was without foundation.[5]

\* \* \* \* \* \*

We have considered all of defendant's arguments and have found each of them to be without merit. For the reasons stated above, the judgment of the District Court is hereby affirmed.

diacy and through a reasonable course of conduct." *Id.* at 624 (emphasis added) (internal quotation marks omitted). No evidence presented to the District Court indicated that defendant satisfied this requirement.

5. At one point in the proceedings, the District Court stated that it did not "believe that a defendant is entitled to the decrease when he doesn't plead guilty." Transcript at 34, *United States v. Williams,* 02–CR–1210 (S.D.N.Y. Nov. 24, 2003). Although a guilty plea can sometimes "constitute significant evidence of acceptance of responsibility," U.S.S.G. § 3E1.1 cmt. n.3, the absence of a guilty plea is not as dispositive as the District Court's choice of words might suggest. Application Note 2 to U.S.S.G. § 3E1.1 provides that "[i]n rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." Without commenting on the scope of these "rare situations," and upon review of the record presented in this appeal, we hold that the District Court understood that it had discretion to grant defendant's request for a decrease in the offense level for acceptance of responsibility, and that the District Court's decision to deny that request was not "without foundation." *Guzman,* 282 F.3d at 184 (internal quotation marks omitted); *see generally United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996) ("We do not require that district judges by robotic incantations state 'for the record' or otherwise that they are aware of this or that arguable authority to depart but that they have consciously elected not to exercise it.").