**In the Matter of the WELFARE OF S.J.J.**

No. A08–0639.

Court of Appeals of Minnesota.

Sept. 2, 2008.

Lawrence Hammerling, Chief Appellate Public Defender, Susan J. Andrews, Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN, and Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, MN, for respondent.

Considered and decided by LANSING, Presiding Judge; MINGE, Judge; and CONNOLLY, Judge.

## OPINION

CONNOLLY, Judge.

Appellant was convicted after a jury trial of felony illegal possession of a firearm. Appellant now argues that there was insufficient evidence for a jury to find that he possessed the firearm, and therefore his conviction must be reversed. Because there is no fleeting-possession defense to this crime and because the evidence was sufficient to find that appellant did possess the firearm, we affirm.

## FACTS

On November 24, 2007, Minneapolis police officer Mark Durand and his partner were patrolling the fourth precinct. Around midnight, they spotted a small SUV with its lights off drive by them. Durand's partner pulled up behind the SUV and activated the squad car's overhead lights while Durand ran a license-plate check. Durand was informed that the car was stolen, and he and his partner ordered everyone out of the car and onto the ground.

Appellant was driving the vehicle. There was an individual in the front passenger seat, as well as three in the back seat and one in the cargo area. After all of the individuals were out of the vehicle, the contents were inventoried. One of the officers found a loaded revolver midway on the floor of the back seat.

In a statement to police, appellant said that he had no idea that there was a gun in the car until he saw it being passed around the back seat. Appellant stated that he removed his hat, and one of the boys in the back placed the gun in it. He looked at the gun, touched the cylinder release, saw

the gun was loaded and then, using his hat, closed the cylinder. According to appellant, the gun was still in his hat when he returned it to the passenger in the back seat.

Appellant, who had been adjudicated delinquent six months before this incident for stealing several replica muzzle-loading handguns, was charged with illegally possessing a firearm under Minn.Stat. § 624.713, subd. 1(b) (2006).[1] The district court granted the state's motion to designate the 15–year old appellant an extended jurisdiction juvenile (EJJ). Following a jury trial, appellant was convicted of this felony, adjudicated delinquent, received a stayed prison sentence of 60 months, and placed on EJJ probation until his 21st birthday. This appeal follows.

## ISSUES

I. Is there a fleeting-possession defense to the crime of illegal possession of a firearm in Minn.Stat. § 624.713 (2006)?

II. Was the evidence at trial sufficient for the jury to find that appellant possessed the firearm?

## ANALYSIS

■ Appellant argues that the state's evidence was insufficient to establish possession, and therefore his conviction must be reversed. Respondent asserts that sufficient evidence supported the jury's conclusion that appellant possessed the firearm in violation of Minn.Stat. § 624.713, subd. 1(b) (2006).

■ In criminal prosecutions, the state must prove, beyond a reasonable doubt, every element of the crime charged. *State v. Jones,* 347 N.W.2d 796, 800 (Minn.1984). Here, because appellant stipulated that he was ineligible to possess a firearm, the only issue at trial was whether appellant knowingly possessed or consciously exercised dominion and control over the handgun. Minn.Stat. § 624.713, subd. 1(b).

In considering a claim of insufficient evidence, this court's review is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jurors to reach the verdict that they did. *State v. Webb,* 440 N.W.2d 426, 430 (Minn.1989). The reviewing court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude the defendant was guilty of the charged offense. *Bernhardt v. State,* 684 N.W.2d 465, 476–77 (Minn.2004).

Appellant argues that his possession of the firearm was so fleeting that it cannot be deemed as possession.[2] This argument is arguably waived, as appellant did not present this defense at trial in the district court.[3] *Roby v. State,* 547 N.W.2d 354, 357 (Minn.1996). But this court has discretion to address any issue as justice requires. Minn. R.Crim. P. 28.02, subd. 11.

■ A fleeting-control exception to the crime of illegal possession of a firearm is not recognized in Minnesota. *State v. Houston,* 654 N.W.2d 727, 734 (Minn.App.

1. Appellant stipulated at trial that he was not permitted to possess a firearm on the day he was arrested.

2. "[A]ppellant's minimum contact with the gun being passed around cannot reasonably be said to be sufficient to support a felony conviction for felon in possession, a crime

carrying a five-year mandatory minimum sentence."

3. "My argument to this jury was my client's actions on that day do not constitute possession of any sort, not fleeting possession, not possession in the common sense of the word."

2003), *review denied* (Minn. Mar. 26, 2003). The relevant statute provides in part that felons and those convicted of crimes of violence may not possess firearms; it does not permit or even mention "fleeting" possession. Minn.Stat. § 624.713, subd. 1(b), (j) (2006). It also does not indicate that the possession of the weapon must be more than "brief" or "temporary." This court may not add to a statute "what the legislature purposely omits or inadvertently overlooks." *Ullom v. Indep. Sch. Dist. No. 112*, 515 N.W.2d 615, 617 (Minn.App. 1994) (quotation omitted). Our statutory interpretation is in accord with caselaw interpreting the applicable federal statute prohibiting felons from possessing firearms. 18 U.S.C. § 922(g)(1) (2006). *See United States v. Johnson*, 459 F.3d 990, 997–98 (9th Cir.2006) (holding that such a defense would undermine the statutory design of § 922(g)); *United States v. Gilbert*, 430 F.3d 215, 218 (4th Cir.2005) (rejecting the proposal of an exception to § 922(g)(1) when the defendant had no illicit motive and attempted to quickly rid himself of the firearm); *United States v. Mercado*, 412 F.3d 243, 250–52 (1st Cir.2005) (rejecting innocent-possession defense and holding that even momentary or fleeting possession of a firearm is sufficient under the statute); *United States v. Teemer*, 394 F.3d 59, 62–65 (1st Cir.2005) (rejecting innocent-possession defense and affirming district court's refusal to give jury an instruction on "fleeting" or "transitory" possession); *United States v. Williams*, 389 F.3d 402, 405 (2d Cir.2004) (holding that the defendant's possession of the firearm was not so fleeting as to warrant an instruction on temporary innocent possession); *United States v. Hendricks*, 319 F.3d 993, 1004–05 (7th Cir.2003) (limiting the innocent-possession defense to a § 922(g) charge to situations in which the elements of justification are present); *United States v. Adkins*, 196 F.3d 1112, 1115 (10th Cir.1999) (holding that trial court acted properly in refusing to give jury instruction on "fleeting possession" theory); *United States v. Paul*, 110 F.3d 869, 872 (2d Cir.1997) (holding that possession was "not so fleeting as to extend the statute beyond its arguable limits").

The rationale for not permitting such a defense is simple. The legislature sought to keep guns out of the hands of those who have demonstrated that they may not be trusted to possess a firearm without being a threat to society. Permitting such a defense would run afoul of this basic legislative purpose. In the interest of public safety, felons and those who have committed crimes of violence are simply not people whom society trusts to possess firearms even "fleetingly." Furthermore, "[a]ppellant had ample opportunity to argue to the jury that he did not knowingly possess the firearm." *Houston*, 654 N.W.2d at 735. Nonetheless, the jury concluded that appellant did possess the firearm.

This determination was reasonable. Appellant knew that there was a gun in the stolen car, it was passed to him inside of a hat, and he checked to see if the gun was loaded before handing it back to another passenger. There was sufficient evidence for the jury to conclude that appellant was guilty of illegal possession of a firearm in violation of Minn.Stat. § 624.713, subd. 1(b).

## DECISION

There is no fleeting-possession defense to illegal possession of a firearm in Minn. Stat. § 624.713 (2006). Moreover, there was sufficient evidence for the jury to find that appellant illegally possessed the firearm.

**Affirmed.**