**STATE of Minnesota, Respondent,**

v.

**Cain Lee WISKOW, Appellant.**

**No. A08–1835.**

Court of Appeals of Minnesota.

Nov. 10, 2009.

Lori Swanson, Attorney General, St. Paul, MN, Mark A. Ostrem, Olmsted County Attorney, Eric M. Woodford, Assistant County Attorney, Rochester, MN, for respondent.

Marie L. Wolf, Interim Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by LARKIN, Presiding Judge; HALBROOKS, Judge; and JOHNSON, Judge.

## OPINION

LARKIN, Judge.

Appellant challenges his sentence for aggravated robbery in the first degree, arguing that the district court violated his Sixth Amendment right to a jury trial when it based imposition of an upward durational departure under section 609.1095, subdivision 2, on a judicial determination that his Wisconsin burglary conviction is for a violent crime. We hold that a district court may constitutionally determine whether an out-of-state conviction is for a violent crime when sentencing under section 609.1095, so long as the district court's determination is limited to the elements of the conviction offense and plea admissions regarding those elements. But because the district court based its determination on an unproven assertion contained in a presentence-investigation report, we reverse and remand for resentencing.

## FACTS

The state charged appellant Cain Lee Wiskow with one count of aggravated robbery in the first degree, stemming from an offense dated December 19, 2007, and filed notice of its intent to seek an upward sentencing departure under section 609.1095, subdivision 2 (the career-offender statute). After a bifurcated trial, a jury convicted Wiskow of aggravated robbery in the first degree and rendered a special verdict determining that Wiskow is a danger to public safety. At the sentencing hearing, the state asked the district court to find that Wiskow has two prior convictions for violent crimes, citing his convictions for a Minnesota second-degree assault and a Wisconsin burglary. The state referenced the following in support of its argument that Wiskow's Wisconsin burglary conviction is for a crime of violence: the charging document and judgment of conviction from Wiskow's Wisconsin burglary,

Minnesota and Wisconsin statutory law, and the presentence-investigation report (PSI) prepared in connection with Wiskow's aggravated-robbery conviction. The state argued that the Wisconsin burglary conviction is for a violent crime under the career-offender statute because it was obtained under a law similar to Minn.Stat. § 609.582, subd. 1(b) (2006) (first-degree burglary while in possession of a dangerous weapon), which is defined as a violent crime under section 609.1095, subdivision 1(d). The state specifically referred to the PSI in its argument to the district court, emphasizing that it states that Wiskow possessed a weapon during the burglary.

The district court concluded that Wiskow's Wisconsin burglary conviction was obtained under a law that is similar to section 609.582, subdivision 1(b). The district court did not specifically find that Wiskow has two prior convictions for violent crimes, but it nonetheless granted the state's request for an upward departure under the career-offender statute. The district court sentenced Wiskow to serve 180 months in prison, an upward departure from the 98–month presumptive sentence. Wiskow appeals his sentence.

## ISSUE

May a district court determine whether an out-of-state conviction is for a violent crime under Minn.Stat. § 609.1095, subd. 2, without violating a defendant's Sixth Amendment right to a jury trial?

## ANALYSIS

■ Wiskow received an upward departure under Minn.Stat. § 609.1095, subd. 2, which provides:

Whenever a person is convicted of a violent crime that is a felony, and the judge is imposing an executed sentence based on a Sentencing Guidelines pre-

sumptive imprisonment sentence, the judge may impose an aggravated durational departure from the presumptive imprisonment sentence up to the statutory maximum sentence if the offender was at least 18 years old at the time the felony was committed, and:

(1) the court determines on the record at the time of sentencing that the offender has two or more prior convictions for violent crimes; and

(2) the fact finder determines that the offender is a danger to public safety.

Minn.Stat. § 609.1095, subd. 2.

Wiskow argues that under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 301–05, 124 S.Ct. 2531, 2536–38, 159 L.Ed.2d 403 (2004), a determination that an out-of-state conviction is for a violent crime, for purposes of enhanced sentencing under the career-offender statute, must be made by a jury, not by the district court. Wiskow's argument raises a legal issue that we review de novo. *State v. Leake,* 699 N.W.2d 312, 322 (Minn.2005).

*Waiver*

We begin by addressing the state's argument that Wiskow forfeited consideration of his *Apprendi–Blakely* argument by failing to raise it in the district court. We will ordinarily not decide issues that are raised for the first time on appeal, including constitutional questions of criminal procedure. *State v. Sorenson,* 441 N.W.2d 455, 457 (Minn.1989). But Minn. R.Crim. P. 28.02, subd. 11, authorizes us to review any matter "as the interests of justice may require." We have relied on this rule to grant review despite a party's failure to properly preserve an argument. *See State v. Boehl,* 726 N.W.2d 831, 835–36 (Minn.App.2007) (addressing the state's argument that the district court had inherent judicial authority to impanel a resentenc-

ing jury to make aggravated-sentencing-factor findings even though the state failed to raise the argument in its initial appellate brief), *review denied* (Minn. Apr. 17, 2007); *In re Welfare of S.J.J.,* 755 N.W.2d 316, 318 (Minn.App.2008) (addressing an argument that possession of a firearm was so fleeting that it could not be deemed as possession despite the offender's failure to present this defense at trial in the district court). We exercise our discretion to review Wiskow's *Apprendi–Blakely* argument in the interests of justice.

*Prior–Conviction Exception*

In *Apprendi,* the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362–63. Applying *Apprendi,* the Supreme Court held that an upward durational departure from the statutory maximum sentence based on a judge's findings, rather than those of a jury, is invalid under the Sixth Amendment right to trial by jury. *Blakely,* 542 U.S. at 301–05, 124 S.Ct. at 2536–38. But a district court may determine the fact of a prior conviction. *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362–63. The primary reason for excluding prior convictions from the constitutional rule of *Apprendi* and *Blakely* is that a prior conviction has been established by procedures that satisfy the constitutional guarantees to a jury trial and proof beyond a reasonable doubt. *State v. Allen,* 706 N.W.2d 40, 47–48 (Minn.2005) (concluding that "the fact [that] a defendant is on probation at the time of the current offense arises from, and is so essentially analogous to, the fact of a prior conviction, that constitutional considerations do not require it to be determined by a jury").

The issue of whether a district court may constitutionally determine whether an out-of-state conviction is for a violent crime for purposes of enhanced sentencing under Minn.Stat. § 609.1095, subd. 2, is one of first impression. But the supreme court considered an analogous issue in *Leake*, which involved application of a sentencing-enhancement statute that requires a judicial determination that a prior conviction is for a heinous crime and is therefore a basis for enhanced sentencing. *Leake*, 699 N.W.2d at 321. The statute at issue was Minn.Stat. § 609.106, subd. 2(3) (2004), which provides for enhancement of a first-degree premeditated-murder sentence to life without the possibility of release if the district court determines that the defendant has a prior conviction for a heinous crime. Heinous crimes include first-, second-, and third-degree criminal sexual conduct "if the offense was committed with force or violence." Minn.Stat. § 609.106, subd. 1(3). Leake had a prior conviction of third-degree criminal sexual conduct under section 609.344, subdivision 1(c) (2004), the elements of which included "force or coercion." *Leake*, 699 N.W.2d at 321. Because Leake's conviction of third-degree criminal sexual conduct qualified as a heinous crime only if Leake used force during the commission of the offense, the district court had to look beyond the elements of the crime to determine whether Leake's conviction qualified as a heinous crime. *Id.* at 323. The district court held a post-trial evidentiary hearing in connection with sentencing and found that Leake's prior conviction was committed with force or violence and therefore qualified as a heinous crime, basing its conclusion on victim testimony at the hearing and admissions that Leake made during his guilty plea to the third-degree criminal-sexual-conduct offense. *Id.* at 321–22.

Leake challenged his sentence, arguing that it was unconstitutional under *Appren-* *di* and *Blakely* because the sentence was based on factfinding by the district court, instead of a jury. *Id.* at 322. The state argued that the heinous-crime statute fell into the *Apprendi* prior-conviction exception. *Id.* at 323. The supreme court held that the district court's reliance on Leake's plea admissions did not result in a constitutional violation because, "Leake's admission to the use of force was made in the context of a plea and established the factual basis for an essential element of the offense charged—'force or coercion.'" *Id.* at 324. The supreme court's "decision in *Leake* was based primarily on *Blakely's* prior conviction exception, which appears to incorporate its own admission exception." *State v. Barker*, 705 N.W.2d 768, 774 (Minn.2005).

Under *Leake*, a district court may base an aggravated sentence upon its determination that a prior conviction is for a heinous crime. *Leake*, 699 N.W.2d at 324–25. We see no principled basis to differentiate between a district court's determination that a prior conviction is for a violent crime and the determination that it is for a heinous crime for purposes of statutorily enhanced sentencing. The constitutional concerns are identical. As long as the district court's determination is based on the elements of the conviction offense or plea admissions related to those elements, both of which are necessarily established by the record of the prior conviction, the determination falls within the prior-conviction exception. Under these circumstances, a district court's determination that an out-of-state conviction is for a violent crime does not violate the offender's Sixth Amendment right to a jury trial. *See id.* at 325 (citing *Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 1257, 161 L.Ed.2d 205 (2005) (holding that a defendant's statements during a plea colloquy may be used to determine the

character of a prior offense for purposes of enhanced sentencing)).

Wiskow argues that a determination that an out-of-state conviction is for a violent crime under section 609.1095, subdivision 2, is similar to a determination that an offender's convictions constitute a pattern of criminal conduct under section 609.1095, subdivision 4. Minn.Stat. § 609.1095, subd. 4 (providing for an enhanced sentence when "the offender has five or more prior felony convictions and that the present offense is a felony that was committed as part of a pattern of criminal conduct"). Wiskow points out that the supreme court has held that determination of a pattern of criminal conduct under Minn.Stat. § 609.1095, subd. 4, goes beyond the fact of a prior conviction, noting that the supreme court concluded that "the additional findings involved in the comparison and weighing of bad conduct go beyond the acceptable parameters of the recidivism exception, because they involve more than the fact of prior conviction." *State v. Henderson*, 706 N.W.2d 758, 762 (Minn. 2005). For example, the determination involves a subjective comparison of "motive, purpose, results, participants, victims or other shared characteristics." *State v. Gorman*, 546 N.W.2d 5, 9 (Minn.1996). Thus, the imposition of an enhanced sentence based on a district court's finding of a pattern of criminal conduct violates a defendant's Sixth Amendment right to trial by jury. *Henderson*, 706 N.W.2d at 762.

A determination that an out-of-state conviction is for a violent crime under Minn. Stat. § 609.1095, subd. 2, is easily distinguished from a determination that an offense was committed as part of a pattern of criminal conduct under Minn.Stat. § 609.1095, subd. 4. The determination regarding the character of an out-of-state conviction normally requires no more than a comparison of the elements of the conviction offense and the purportedly similar violent crime as defined by Minnesota statute. And proof of the elements of the prior conviction arises directly from the fact of the prior conviction and falls within the procedural safeguards of the prior conviction, unlike a determination of a pattern of criminal conduct, which requires "the additional findings involved in the comparison and weighing of bad conduct," and "involve[s] more than the fact of prior convictions." *Henderson*, 706 N.W.2d at 762. Because the determinations are not analogous, *Henderson* does not dictate our decision in this case.

However, our conclusion that a district court may determine that an out-of-state conviction is for a violent crime without violating an offender's Sixth Amendment right to a jury trial does not end our inquiry in this case. Wiskow argues that even if a district court may constitutionally determine the character of an out-of-state conviction for purposes of section 609.1095, subdivision 2, the district court here erred by basing its determination on an unproven statement in the current PSI. We agree.

The supreme court's holding in *Leake* was limited to plea admissions that established the factual basis for an essential element of the admitted offense. *Leake*, 699 N.W.2d at 324. The supreme court noted that the district court's additional reliance on the testimony of the victim of the prior offense was error "as it does not meet the requirements of *Blakely*." *Id.* at 325, n. 9. And the supreme court later held that a defendant's statements to police that were incorporated into a criminal complaint are not admissions on which a district court may base a sentence enhancement because they were not made for purposes of dispensing with the state's burden of proof after a knowing waiver of

jury-trial rights. *State v. Dettman,* 719 N.W.2d 644, 655 (Minn.2006). *Dettman* held "that a defendant must expressly, knowingly, voluntarily, and intelligently waive his right to a jury determination of facts supporting an upward sentencing departure before his statements at his guilty-plea hearing may be used to enhance his sentence." *Id.* at 650–51. *Dettman* distinguished *Leake* as involving application of the prior-conviction exception and enhancement based on an admission to an essential element of the offense to which the defendant pleaded guilty—"a fact established by a plea of guilty." *Id.* at 653–54 ("a defendant's statements during a plea colloquy may be used to determine the character of a prior offense for purposes of *Blakely's* prior conviction exception") (citing *Shepard,* 544 U.S. at 16, 125 S.Ct. at 1257). *Leake* and *Dettman* indicate that while a district court may make determinations regarding the character of a prior conviction under the prior-conviction exception, in the absence of a waiver of the right to a jury trial on sentencing-enhancement factors, the district court must base its determination on facts that were essential to the finding of guilt—the elements of the conviction offense.

"[R]ecidivism is a narrow exception to the general rule that all facts going to punishment must be found by a jury." *Henderson,* 706 N.W.2d at 762. Consistent with the narrow scope of the recidivism exception, we limit our holding in this case to those facts that are necessarily established by the fact of a prior conviction: the elements of the conviction offense and plea admissions regarding those elements.

*The District Court's Determination*

■ We now apply these principles to the district court's determination that enhanced sentencing was permissible under section 609.1095, subdivision 2, which re-

quires a finding that Wiskow has two prior convictions for violent crimes. Minn.Stat. § 609.1095, subd. 1(d), defines a violent crime as "a violation of or an attempt or conspiracy to violate any of the following laws of this state or any similar laws of the United States or any other state" and enumerates a number of qualifying offenses. One of the qualifying offenses is first-degree burglary under Minn.Stat. § 609.582, subd. 1, which provides:

> Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice, commits burglary in the first degree and may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $35,000, or both, if:
>
> . . .
>
> (b) the burglar possesses, when entering or at any time while in the building, any of the following: a dangerous weapon, any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or an explosive. . . .

Minn.Stat. § 609.582, subd. 1. First-degree burglary is the only burglary offense included in the statutory definition of a violent crime. Minn.Stat. § 609.1095, subd. 1(d).

At the sentencing hearing, the state argued that Wiskow's Wisconsin burglary conviction qualifies as a violent crime, claiming that the offense that Wiskow was charged with and convicted of is analogous to Minn.Stat. § 609.582, subd. 1(b). But the sentencing record indicates that while Wiskow was charged under a Wisconsin statute that is similar to section 609.582, subdivision 1(b), Wiskow was actually convicted under a different statute that is not similar to section 609.582, subdivision 1(b).

The Wisconsin criminal complaint indicates that Wiskow was charged under two statutes. One charge was under Wis. Stat. § 943.10(1)(a) (2000), which provides: "Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class C felony: (a) Any building or dwelling." The second charge was under Wis. Stat. § 943.10(2)(b) (2000), which provides that "[w]hoever violates sub. (1) under any of the following circumstances is guilty of a Class B felony: (b) While unarmed, but arms himself with a dangerous weapon or a device or container described under s. 941.26(4)(a) while still in the burglarized enclosure."

A comparison of the elements of the relevant Wisconsin and Minnesota statutes indicates that a conviction under Wis. Stat. § 943.10(2)(b), the class B felony, would qualify as a conviction for a violent crime under section 609.1095, subd. 1(d). But the record indicates that Wiskow was not convicted of the class B felony. The judgment of conviction indicates that Wiskow was convicted of a violation of Wis. Stat. § 943.10(1)(a), the class C felony, which is not defined to include possession of a dangerous weapon as an element of the offense. The judgment of conviction does not state, nor was any other evidence offered to prove, that Wiskow was convicted of a Wisconsin offense that is similar to Minn. Stat § 609.582, subd. 1(b). Thus, the district court could not have determined that the Wisconsin burglary conviction is for a violent crime based solely on a comparison of the elements of the conviction offense and of section 609.582, subdivision 1(b).

The only record evidence that indicates that Wiskow's Wisconsin burglary conviction involved possession of a dangerous weapon (the element that is similar to

section 609.582, subdivision 1(b)), is a statement in the PSI that "[d]efendant broke into a business and took two firearms." The state referenced the PSI at sentencing, arguing that the PSI demonstrates that the burglary involved a weapon. But the district court could not rely on an unproven statement in the PSI as a basis for departure. *See Dettman,* 719 N.W.2d at 655 (holding that an upward departure based on facts "neither found by a jury nor properly admitted by [the defendant]" violated the defendant's Sixth Amendment rights).

The state emphasizes the fact that Wiskow was charged with a violent crime, seeming to suggest that the lack of a conviction for that offense is not dispositive. But the clear language of the dangerous-offender statute requires "two *convictions*" of violent crimes. Under the plain language of the statute, the fact that an offender was charged with a violent crime and convicted of some offense arising out of the same set of circumstances does not satisfy the requirements of Minn.Stat. § 609.1095, subd. 2. *Compare* Minn.Stat. § 609.1095, subd. 2 ("offender has two or more prior *convictions* for violent crimes") (emphasis added), *with* Minn.Stat. § 243.166, subd. 1(b)(a) ("[a] person shall register under this section if: (1) the person was charged with or petitioned for a felony violation of or attempt to violate, or aiding, abetting, or conspiracy to commit, any of the following, and convicted of or adjudicated delinquent for that offense *or another offense arising out of the same set of circumstances.*") (emphasis added).

And while it is permissible to look beyond the statutory definition of the offense to the facts underlying a conviction when determining whether an out-of-state conviction qualifies as a violent crime, *State v. Smallwood,* 594 N.W.2d 144, 156–57 (Minn. 1999) (reviewing Minn.Stat. § 609.152

(1998), which was replaced by section 609.1095), the constitutionally permissible scope of a district court's factfinding under the prior-conviction exception is limited to the elements of the conviction offense and plea admissions regarding those elements. *Leake,* 699 N.W.2d at 324–25. Thus, the district court's implicit reliance on an unproven statement in the PSI as a basis for aggravated sentencing under section 609.1095, subdivision 2, violated Wiskow's Sixth Amendment right to a jury trial on any fact that increases the penalty for a crime beyond the prescribed statutory maximum.

A constitutional error does not mandate reversal if the error was harmless beyond a reasonable doubt. *State v. Caulfield,* 722 N.W.2d 304, 314 (Minn. 2006). An error is harmless beyond a reasonable doubt "[i]f the verdict rendered is 'surely unattributable' to the error." *State v. Juarez,* 572 N.W.2d 286, 292 (Minn.1997). The district court's error was not harmless. Absent the statement in the PSI regarding the facts underlying Wiskow's Wisconsin burglary conviction, there is no evidence to support the district court's finding that the Wisconsin conviction is for a violent crime. The state failed to establish that Wiskow has the two prior convictions necessary for enhanced sentencing under Minn.Stat. § 609.1095, subd. 2, and his sentence must be reversed. Because we reverse on this ground, we do not address Wiskow's claim that the district court erred by failing to make an on-the-record finding that he has "two or more prior convictions for violent crimes," as required by Minn.Stat. § 609.1095, subd. 2.

### DECISION

Because the district court violated Wiskow's Sixth Amendment right to a jury trial on any fact that increases the penalty for a crime beyond the prescribed statutory maximum when it based an upward departure on an unproven fact in a PSI, we reverse Wiskow's sentence and remand for re-sentencing consistent with this opinion.

**Reversed and remanded.**