*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1865**

State of Minnesota,
Respondent,

vs.

Mark William Cerney,
Appellant.

**Filed September 22, 2014
Affirmed
Ross, Judge**

Ramsey County District Court
File No. 62-CR-12-2761

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Ross, Judge; and Chutich, Judge.

UNPUBLISHED OPINION

**ROSS**, Judge

A jury found appellant Mark Cerney guilty of being an ineligible person possessing a firearm after hearing evidence that Cerney asked to see a handgun, held it for up to three minutes, and eventually threw it out a car window after police officers signaled for the vehicle he was in to pull over. Cerney argues that the evidence was insufficient to support his conviction because it does not prove he controlled the gun long enough to establish possession. Because Cerney's argument rests entirely on his momentarily handling the gun just before he tossed it from the car and ignores his earlier handling for several minutes, we affirm.

## FACTS

The state charged Mark Cerney with possession of a firearm by an ineligible person under Minnesota Statutes section 609.165, subdivision 1b(a) (2010). At trial, Cerney stipulated to the fact that his prior felony convictions prohibit him from possessing a firearm, and the state presented the jury with the following evidence of his possession.

St. Paul police officers testified that while they attempted to stop a white Chevy Tahoe they saw an object, later identified as a handgun, thrown from the passenger side into a yard. The Tahoe's front windows were down, the rear windows were up, and Cerney sat in the front passenger seat.

The state also introduced a transcript of Cerney's interview with Sergeant Paul Strong. Cerney told Sergeant Strong that he had been at a party the night of his arrest

socializing with a woman who mentioned that she was taking a pistol to someone in Wisconsin. Cerney said he asked to see the gun and the woman handed it to him. He examined it for "maybe three minutes." He said that he did not notice whether the gun was loaded but he saw that it contained its magazine. He said he got a ride home an hour and a half later, and the woman was in the same car. He told the sergeant that when the police turned on their emergency lights she asked him to toss the gun out the window. He first told Sergeant Strong that he refused the woman's request but later admitted that he was the one who tossed the gun from the car. He claimed that he did so immediately after the woman handed it to him. At the end of the interview, Sergeant Strong asked Cerney, "I mean you have to hold yourself a little bit responsible and accountable for even touching [the gun] 'cause you know you shouldn't have even touched it, right?" Cerney responded, "Yeah, yeah I shouldn't have touched it."

The state also introduced DNA evidence corroborating Cerney's admission that he handled the gun. The jury found Cerney guilty. Cerney appeals.

## D E C I S I O N

Cerney argues that the state's evidence was not sufficient to convict him. When considering an insufficient-evidence claim, we analyze the record to determine whether the evidence viewed in the light most favorable to the conviction would allow a reasonable jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, to find the defendant guilty. *In re Welfare of S.J.J.*, 755 N.W.2d 316, 318 (Minn. App. 2008).

The charge here required the state to prove that Cerney has been convicted of a crime of violence and that he possessed a firearm. *See* Minn. Stat. § 609.165, subd. 1b(a). Cerney stipulated to the first element, and challenges only the second, whether he "knowingly possessed or consciously exercised dominion and control over the handgun." *S.J.J.*, 755 N.W.2d at 318. Actual possession of a handgun requires proof that the defendant "physically had the handgun on his person." *See State v. Smith*, 619 N.W.2d 766, 770 (2001), *review denied* (Minn. Jan. 16, 2001). Cerney argues only that the conviction cannot stand because the evidence proved that he "simply had the gun handed to him to toss out the window" such that his control of the gun was merely fleeting, as with "a hot potato."

We reject Cerney's argument for three reasons. First, Minnesota does not recognize a fleeting-control exception to the crime of illegal firearm possession. *S.J.J.*, 755 N.W.2d at 318–19 ("[F]elons and those who have committed crimes of violence are simply not people whom society trusts to possess firearms even 'fleetingly.'"). Second, even if Minnesota recognized the defense, by his own account Cerney controlled the gun in the Tahoe long enough to consider and to act on the suggestion that he dispose of it in a manner calculated to prevent police from discovering it. This kind of control is deliberate, not fleeting. Third, again even if we accepted the fleeting-possession defense, Cerney admitted that earlier he had asked for the gun and then held and examined it for "maybe three minutes." Cerney's brief on appeal never accurately describes this fact, and it implies that the prosecutor's closing argument focused instead on the supposedly momentary handling of the gun in the car. It is clear to us, however, that the prosecutor's

closing argument indeed emphasized Cerney's significant period of admiringly handling the gun for several minutes. Cerney's minimizing focus on his (supposedly brief) contact with the gun in the car plainly understates the evidence presented at trial and argued to the jury. Cerney does not ask us to apply his fleeting-control legal theory to the complete undisputed trial evidence. Ample evidence supports the jury's finding that Cerney possessed the gun.

**Affirmed.**