*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-2035**

Dennis Bernard Freeman, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 22, 2016**
**Affirmed**
**Reilly, Judge**

Hennepin County District Court
File No. 27-CR-12-33143

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Smith, Tracy M., Presiding Judge; Worke, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

On appeal from his conviction of fifth-degree possession of a controlled substance, appellant argues that his conviction must be reversed because the state failed to prove that

he possessed the drugs within the meaning of the possession statute. Because there is sufficient evidence in the record to sustain his conviction, we affirm.

## FACTS

In October 2012, appellant Dennis Bernard Freeman rented a room at a motel in Bloomington where he stayed with his acquaintance, C.M. The room was registered in appellant's name. At some point in the evening, C.M. asked the motel front desk receptionist for a key to the room but the receptionist refused to give her one because she was not a registered guest. The receptionist thought C.M. was impaired by a narcotic substance and called the Bloomington Police Department to do a welfare check. Officer Nicholas Melser and his partner responded to the call and went to appellant's motel room. The officers separated appellant and C.M. because they sensed a "domestic situation." Appellant remained in the motel room and Officer Melser ordered appellant to move from the bed to the desk chair in the room. As appellant got off the bed, he grabbed an object that was located behind his back and put his hand into his pocket. Officer Melser grabbed appellant's hand and appellant dropped a cigarette packet which had a plastic baggie between the carton and the cellophane wrapper. The plastic baggie contained a powdery substance which later tested positive for heroin.

Based on those events, appellant was charged with one count of fifth-degree possession of a controlled substance in violation of Minn. Stat. § 152.025, subd. 2(a)(1) (2012). Appellant was convicted as charged after a bench trial. The district court found that appellant "knew the packet of cigarettes contained the powdery substance [and] knew or believed that the powdery substance [was] heroin." At the sentencing hearing defense

2

counsel argued that because appellant's possession of the narcotics was limited, appellant should be given a downward departure from the presumptive sentence. In response the district court acknowledged "I think [the possession of narcotics] was fleeting. I don't have any question in my mind . . . that's true," but sentenced appellant to a presumptive sentence of 17 months in prison, stayed for a period of three years. Appellant did not file a direct appeal.

In July 2015, appellant filed a petition for postconviction relief arguing the state failed to prove beyond a reasonable doubt that he possessed heroin within the meaning of the statute and urged the court to recognize that "fleeting control" is insufficient to prove "possession." The district court denied appellant's petition. This appeal follows.

## D E C I S I O N

Appellant argues his conviction should be reversed because the state failed to prove beyond a reasonable doubt that he possessed the drugs within the meaning of the possession statute. The state contends the evidence established beyond a reasonable doubt the elements of fifth-degree possession of a controlled substance including possession, and neither the law nor the facts of the case support appellant's argument that the court should recognize a fleeting-control exception.

The Due Process Clauses of the United States and Minnesota Constitutions require the state to prove "each element of the crime charged beyond a reasonable doubt." *State v. Merrill*, 428 N.W.2d 361, 366 (Minn. 1998) (citing *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1072 (1970)); U.S. Const. amends. V, XIV; Minn. Const. art. I, § 7. When considering a claim of insufficient evidence we "view[] the evidence in the light most

3

favorable to the state and decide[] whether the fact-finder could have reasonably found the defendant guilty." *In re Welfare of M.E.M.*, 674 N.W.2d 208, 215 (Minn. App. 2004).

Appellant was convicted of one count of fifth-degree possession of a controlled substance in violation of Minn. Stat. § 152.025, subd. 2(a)(1), which provides: "A person is guilty of controlled substance crime in the fifth degree . . . if . . . the person unlawfully possesses . . . a controlled substance classified in Schedule I, II, III, or IV. . . ." Heroin is a Schedule I controlled substance. Minn. Stat. § 152.02, subd. 2(c)(11) (2012). Thus, the sole question on appeal is whether appellant "unlawfully possessed" the heroin.

"[T]o convict a defendant of unlawful possession of a controlled substance, the state must prove that defendant consciously possessed, either physically or constructively, the substance and that the defendant had actual knowledge of the nature of the substance." *State v. Florine*, 303 Minn. 103, 104, 226 N.W.2d 609, 610 (1975). Viewing the evidence in the light most favorable to the state, *M.E.M.*, 674 N.W.2d at 215, Officer Melser asked appellant to move to the desk chair, appellant reached his hand behind where he was sitting and then moved his hand to his pocket in an effort to conceal an object. When Officer Melser grabbed appellant's hand a packet of cigarettes with a visible baggie containing heroin fell to the floor. Appellant acknowledged he bought cigarettes earlier in the day and that he knew C.M. was a heroin user. Thus there is sufficient evidence in the record to support the judge's determination that appellant physically possessed heroin because it was physically in his hand. And there is sufficient evidence in the record to support the judge's determination that appellant had actual knowledge that the substance was heroin based on appellant's attempt to conceal the packet of cigarettes from the police. As such, under the

4

plain language of the statute the evidence is sufficient to establish each element of possession of a controlled substance. Minn. Stat. § 152.02, subd. 2(c)(11); *see also* 10 *Minnesota Practice*, CRIMJIG 20.36 (2015).

However, at sentencing the district court characterized the possession as "fleeting," and appellant urges this court to adopt a "fleeting-control" exception to the possession element. Although Minnesota has rejected a fleeting-control exception to the crime of illegal possession of a firearm, *In re Welfare of S.J.J.*, 755 N.W.2d 316, 318-19 (Minn. App. 2008) (citing *State v. Houston*, 654 N.W.2d 727, 734 (Minn. App. 2003)), Minnesota has neither adopted nor rejected a fleeting control defense to a drug possession case.

Appellant argues there are "sound reasons to differentiate" firearm possession cases from drug possession cases. A fleeting-control exception in firearm cases was rejected in part because the relevant statutory provision did not "permit or even mention 'fleeting' possession," nor did it "indicate that the possession . . . must be more than 'brief' or 'temporary'" and an appellate court "may not add to a statute 'what the legislature purposely omits or inadvertently overlooks.'" *S.J.J.*, 755 N.W.2d at 319 (quoting *Ullom v. Indep. Sch. Dist. No. 112*, 515 N.W.2d 615, 617 (Minn. App. 1994)). "Permitting such a defense would run afoul of this basic legislative purpose." *Id.* As such, even if there are sound reasons to differentiate firearm possession cases from drug possession cases, the reasoning used to reject the fleeting-control exception to firearms is applicable in this case because the relevant statutory provision did not create an exception.

Further, the cases cited by appellant from other jurisdictions that have adopted a fleeting-control exception are factually distinct from the present case and, therefore, they are not persuasive. In *Sanders*, police officers conducted a sting operation and witnessed the defendant being handed cocaine, holding it briefly, and returning it. *Sanders v. State*, 563 So.2d 781, 781-82 (1990). Unlike *Sanders*, appellant was not witnessed merely touching but then rejecting an illegal drug. In *Moreau*, the defendant picked up a napkin that his codefendant spat out which subsequently tested positive for heroin and "made a move toward the bathroom" with the napkin in the presence of police officers. *Moreau v. State*, 588 P.2d 275, 277-78, 285-86 (Alaska 1978). Unlike *Moreau*, the heroin was not merely retrieved by appellant after a codefendant expelled it in front of an officer. In *Mijares*, the defendant was observed removing a "narcotics kit" from an unconscious passenger in his car and throwing it out the window before taking the passenger to a nearby fire department for emergency aid. *People v. Mijares*, 491 P.2d 1115, 1116 (1971). Unlike *Mijares*, appellant was not witnessed disposing of illegal drugs while proceeding to locate medical aid for an unconscious person in possession of the illegal drugs. Further, the *Mijares* court emphasized that the decision "in no way insulates from prosecution under the narcotics laws those individuals who, fearing they are about to be apprehended, remove contraband from their immediate possession." *Id.* at 1120. Although the cases cited by appellant present factual scenarios where a fleeting-control exception may be based on sound reasons, the facts of appellant's case are not analogous.

In sum, Minnesota does not recognize a fleeting-control exception to drug possession cases and there is sufficient evidence in the record to support a determination

6

that appellant unlawfully possessed heroin.  Even if Minnesota were to recognize a fleeting-control exception, the facts of this case are not a compelling reason to do so.

**Affirmed.**